**People of the State of Illinois, Plaintiff-Appellant, v. William Taylor, Defendant-Appellant.**

Gen. No. 54,541.

First District, First Division.

May 11, 1970.

William J. Scott, Attorney General of State of Illinois, of Chicago (James R. Thompson and Joel M. Flaum, Assistant Attorneys General, Edward V. Hanrahan, State's Attorney of Cook County, Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

Sam Adam and Edward M. Genson, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by the State, from an order entered by a judge in the Criminal Division of the Circuit Court, quashing a search warrant and barring the State from using evidence discovered in the search. That judge held that the quashing of the search warrant and suppression of evidence by an associate judge of the Circuit Court on a motion to suppress in a preliminary hearing was res judicata. The State brought this appeal to the Supreme Court where the defendant moved to dismiss the appeal because the order appealed from did not quash a warrant or suppress evidence. The Supreme Court

denied the motion to dismiss because Supreme Court Rule 604 provides that the State may appeal from an order "the substantive effect of which results in . . . suppressing evidence," and, regardless of the form of the defendant's motion at the trial, the substantive effect of the order appealed from was to suppress evidence. On its own motion, the Supreme Court then transferred the cause to this court because the order appealed from was not a final judgment and the Supreme Court had no jurisdiction on direct appeal, even though constitutional questions were involved.

There is no dispute on the facts. The State did not appeal from the order entered in the preliminary hearing, but proceeded to present evidence before a grand jury. The defendant was subsequently indicted on the charge of unlawful possession of narcotics. The trial judge did not rule on the merits of the motion to suppress, but held that the granting of the motion by the judge at the preliminary hearing was res judicata. The State then appealed.

The issues in this case concern the effect to be given chapter 38, section 109–3(e) of the 1967 Ill Rev Stats. It will be helpful to examine the recent history of this section and related section 114–12(b). Before 1967, chapter 38, section 114–12(b) provided in pertinent part:

> If the motion (to suppress evidence) is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant at any trial.

The Supreme Court considered this section in People ex rel. MacMillian v. Napoli, 35 Ill2d 80, 219 NE2d 489. In that case, a judge sitting in the Municipal Division of the Circuit Court granted a motion to suppress certain narcotics at a preliminary hearing. At the subsequent trial the Circuit Court judge ruled that the suppression

order was not conclusive in the criminal trial and that he would entertain a motion to suppress the narcotics as evidence. The defendant sought a writ of mandamus to compel the judge before whom her criminal case was pending to treat as binding on him the order of the judge at the preliminary hearing granting her preindictment motion to suppress. The court stated at page 81, 219 NE2d at 490:

> The plain unambiguous language of section 114–12 (b) is that if a pretrial motion to suppress is granted, the evidence suppressed under such order "shall not be admissible in evidence against the movant at any trial." If the people are not content with an order granting a motion to suppress, they have the right to appeal from such an order. (Ill Rev Stats 1965, chap 110, par 101.27.) The writ of mandamus will issue.

Subsequently, the legislature amended sections 109–3 (e) and 114–12(b), effective August 11, 1967. Section 109–3(e) now provides:

> During preliminary hearing or examination the defendant may move for an order of suppression of evidence pursuant to Section 114–11 or 114–12 of this Act or for other reasons, and may move for dismissal of the charge pursuant to Section 114–1 of this Act or for other reasons. If any such order of suppression of evidence or dismissal of the charge is allowed and issued in the course of any preliminary hearing or examination, such order of suppression or of dismissal shall be nonfinal, the State may not appeal therefrom, and such order of suppression or of dismissal shall not in any manner bar, affect or be determinative in any subsequent proceedings.

The following was added at the end of section 114–12 (b):

. . . except that, if the order suppressing evidence is nonfinal according to Section 109-3 of this Act, the property shall not be restored and shall not because of such order be inadmissible in evidence at any proceeding other than such preliminary hearing or examination.

These sections now clearly provide that an order of suppression of evidence at a preliminary hearing is nonfinal; the State may not appeal therefrom, and such order shall not affect the admissibility of the evidence in any subsequent proceeding. The defendant, however, contends, that (1) the Illinois Constitution vests the power to determine procedure in appeals from other than final orders in the Supreme Court, not the legislature, and the Supreme Court has determined that the State may appeal from an order suppressing evidence; (2) the State's Attorney is prohibited from presenting to a grand jury evidence which has been ordered suppressed; and (3) the order of the judge at the preliminary hearing was res judicata at the subsequent trial.

■ The defendant first contends that the statutes involved in this case are an improper invasion of the Supreme Court's rule-making power under Article VI, section 7 of the Constitution of Illinois over appeals from other than final orders. It is apparent from People ex rel. MacMillian v. Napoli, supra, that the Supreme Court of Illinois does not agree. The MacMillian decision was based squarely on the statute. The court held that since the statute provided that once suppressed evidence could not be used again "at any trial" the order of suppression at the preliminary hearing prevented the judge at the trial from considering the motion to suppress anew. The statute thus determined whether the order in the preliminary hearing was binding, and, since it was binding, the State could then appeal under the Supreme Court Rule.

There is, therefore, no conflict between the statute and Supreme Court Rule 604. This rule provides: "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in . . . suppressing evidence." Section 109-3(e) provides that an order of suppression at a preliminary hearing does not result in suppressing evidence before the grand jury or at a subsequent trial, but only at the preliminary hearing. Under MacMillian this provision is clearly within the legislature's power. Since the substantive effect of the order at the preliminary hearing thus does not result in suppressing evidence at the trial, the State has no right to appeal under Supreme Court Rule 604. The statute is consistent with the Supreme Court rule and does not interfere with the Supreme Court's rule-making power as the statute in People ex rel. Stamos v. Jones, 40 Ill2d 62, 237 NE2d 495, clearly did.

■ Under section 109-3(e) the judge at the preliminary hearing had power to suppress evidence only for the purpose of determining whether there was probable cause to believe the defendant committed the crime with which he was charged. It was therefore proper for the evidence which was suppressed at the preliminary hearing to be subsequently presented to the grand jury.

■ There is no constitutional right to a preliminary hearing prior to indictment or trial, and where an indictment is returned containing full information of the crime with which an accused is charged, a preliminary hearing is not necessary. People v. Petruso, 35 Ill2d 578, 580, 221 NE2d 276, 277. The State may thus proceed to obtain an indictment in Illinois without proceeding with a preliminary hearing. As stated in People v. Morris, 30 Ill2d 406, 411, 197 NE2d 433, 436:

A preliminary hearing in Illinois is not a 'critical stage' where rights and defenses must be raised or lost, and neither is it a proceeding at which pleas

273

are made or received. Rather, the scope and purpose of preliminary proceedings are in general to ascertain whether a crime charged has been committed, and, if so, whether there is probable cause to believe that it was committed by the accused. (141 LP, Criminal Law, sec 171.) Even then a finding of probable cause is not binding upon a subsequent grand jury.

██ ██ In People v. Kissane, 347 Ill 385, 390, 179 NE 850, 852, the defendant contended that the suppression of evidence in the municipal court was res judicata on the same issue in the criminal court. The Supreme Court held that the first ruling had been upon a mere preliminary motion in a court where the defendant was not brought to trial and in which he entered no plea. The order was not binding at the trial. The rationale of the Kissane decision is still valid even though there are no longer such separate courts in Illinois. Before res judicata or collateral estoppel applies there must be a final judgment of a court of competent jurisdiction. 9 ALR3d 214 (Res Judicata—Criminal Cases). Although both judges in this case were Circuit Court judges, they had different powers and functions. The judge at the preliminary hearing could only determine if there was probable cause that the defendant had committed the crime with which he was charged. Since a finding of probable cause or of no probable cause is not binding upon a subsequent grand jury, we are not persuaded that a ruling on an incidental matter to such a finding—a motion to suppress—should be res judicata on the judge at the trial.

This decision has also been reached in other jurisdictions. Watts v. United States, 402 F2d 676, 684 (DC Cir) ; People v. Prewitt, 52 Cal2d 330, 340, 341 P2d 1, 6. In Watts, at page 685, then Circuit Judge Burger stated that:

A further difficulty with the claim of collateral estoppel here is that no authority holds that rulings on unappealable pretrial motions matters are proper subjects for collateral estoppel.

In the case at bar, as in Watts, the pretrial ruling of the judge at the preliminary hearing was unappealable. It therefore does not bind the trial judge.

Accordingly, the order of the trial judge quashing the search warrant and suppressing evidence is reversed and the cause is remanded to the trial court for further proceedings consistent with the views herein expressed.

Reversed and remanded.

MURPHY and ADESKO, JJ., concur.