THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM FRANCIS O'NEIL, Defendant-Appellee.

(No. 11361; ▮▮▮▮▮▮▮▮▮

Fourth District—July 19, 1971.

Lawrence E. Johnson, State's Attorney, of Urbana, (Thomas L. Knight, Assistant State's Attorney, of counsel,) for the People.

Prentice H. Marshall, of Urbana, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant's conduct resulted in two prosecutions, one by the City and the other by the State. The gist of both charges was unlawful use of weapons in violation of a municipal ordinance and par. 24—1 (a) (3) of the Criminal Code. On the ordinance violation, a motion to suppress evidence was allowed. The City did not appeal. Defendant next moved on the basis of such allowance to suppress the same evidence on the State charge, such was allowed and the State appeals.

No question is involved here as to the propriety of the search and seizure as such. The basis for the allowance of the motion to suppress which we review was based *in toto* on the fact that such evidence had been suppressed on the municipal ordinance charge—in other words, the adjudication there involved the same question on the motion under the State charge and that such was determinative, that is, quoting from defendant's motion, "res judicata and an estoppel of the same issues in this case and plaintiff may not relitigate the validity of the search and seizure here complained of in these proceedings without violating defendant's right to be free of double jeopardy guaranteed to him * * *".

Section 114—12 (b) of the Code of Criminal Procedure reads that if the motion to suppress is granted, the evidence suppressed "shall not be

admissible in evidence against the movant at any trial", except in a situation not present here—but to which we will allude later on. Do these words mean just what they say? Does "any trial" mean "any trial" whatsoever, wheresoever, and howsoever? Or, more aptly, does "any trial" mean a "trial" anywhere, any time, any place and anywise?

In *People ex rel. MacMillian v. Napoli* (1966), 35 Ill.2d 80, 219 N.E.2d 489, based on par. 114—12, as then written, an order of suppression at a preliminary hearing was held to bar relitigation of matters so suppressed on the subsequent "trial" under an indictment. This case apparently resulted in the preliminary hearing exception now present in par. 114—12, as amended in 1968—and which covers the situation we mentioned as not being present here:

"* * * except that, if the order suppressing evidence is nonfinal according to Section 109—3 of this Act, the property * * * shall not because of such order be inadmissible in evidence in any proceeding other than such preliminary hearing or examination."

The language in *Napoli* is instructive even though its force has now been diffused by the amendment just quoted:

"The plain unambiguous language of Section 114—12 (b) is that if a pretrial motion to suppress evidence is granted, the evidence suppressed under such order 'shall not be admissible in evidence against the movant at any trial'."

*People v. Taylor*, 124 Ill.App.2d 268, 260 N.E.2d 347, followed and correctly applied the 1968 amendment to the same situation present in *Napoli* with, of course, the opposite result:

"These sections [114—12 (b) as amended] now clearly provide that an order of suppression of evidence at a preliminary hearing is nonfinal; the State may not appeal therefrom, and such order shall not affect the admissibility of the evidence in any subsequent proceeding."

As we have said, the *Napoli* opinion was based squarely on the statute as it then stood, and held, again as we have seen, that since the statute provided that evidence once suppressed could not be used again "at any trial" the suppression of the preliminary hearing precluded a reconsideration "at any trial" anywhere, any time, or any place—in an Illinois court, of course.

The State relies on *People v. Kissane* (1932), 347 Ill. 385, 179 N.E. 850. The factual situation is seemingly close to the one here. There, defendant argued that an order suppressing evidence in the Municipal Court of the City of Chicago was *res judicata* on the same issue in the Criminal Court of Cook County and thus should be suppressed again—or rather, stay suppressed—more or less the same argument here.

Such was rejected for the reason that the ruling in the Municipal Court was "upon a mere preliminary motion", with no trial or indeed a plea and therefore the suppression could not be binding on the Criminal Court. As can be appreciated, *Kissane* looks like it might control. But it seems to us that it can be reasonably distinguished from the context and circumstances before us. For one thing, the order suppressing evidence in the Municipal Court was nonappealable, to say nothing of the fact that there were two separate and distinct courts—which is not the case now. The two orders entered here were entered by the Circuit Court of Champaign County. The nonappealability of the Municipal Court charge (analogous to the nonfinal order in par. 109—3) is to us a distinguishing feature but more important, there was then no par. 114—12(b) articulating a *res judicata* concept.

The only problem we discern here in the application of par 114—12 (b), is the difference in plaintiffs, for the court is the same, the defendant the same, the facts the same, the law the same (in the sense that the municipal ordinance necessarily is based upon state law) but the City of Champaign is plaintiff in one, and the People of the State of Illinois, in the other.

Nor is this a distinction without a difference. The difference is very real. It would be easy, if one arm of the State's Attorney's office had handled the first suppression in the Magistrates Court, and the second charge, say, an indictment, in the General Division, then the identity of parties, courts, and facts would be complete—and the answer not only easy, but obvious, the final order in the first cannot be relitigated in the second.

But regardless of this lack of identity as to plaintiffs (or prosecutors), it seems to us that we are bound by par. 114—12(b) as amended to the same extent as was our Supreme Court in *Napoli* prior to the amendment. If the phrase "at any trial" precluded a reconsideration of an adjudication made at a preliminary hearing, then *a fortiori*, a final determination on the municipal charge here suppressing evidence suppresses it for all time so far as the courts of Illinois are concerned. One can envision problems where prosecutors serve different sovereigns, so to speak—we will not speculate what they might be—to state the problem is to state the possibilities—but, the remedy, if need there be one, must come from the Legislature as it did following the *Napoli* decision. It is not for us as judges to discern the extent of the need and effect the remedy. The Legislature, as of now has said "at any trial"—we believe they meant just that. We are in a sense bound by *Napoli*. The amendment following *Napoli* does not encompass our context. The order on the municipal charge was final—and it was appealable—it was not

"nonfinal according to par. 109—3". Accordingly, the items so suppressed, in the language of the Section, "shall not be admissible against the movant at any trial", and, if so, the court was right in giving force to this section and suppressing once again the evidence previously suppressed and for the only reason that such had happened once before.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.