Argued October 28, reversed and remanded December 27, 1971

## STATE OF OREGON, *Appellant, v.* WAYNE ALLAN STAHLEY (No. 75299) *Respondent.*

492 P2d 295

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Patrick D. Gilroy,* Oregon City, argued the cause for respondent. With him on the brief was William E. Schumaker, Oregon City.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by the state from an order of the Clackamas County Circuit Court suppressing evidence and quashing the search warrant and affidavit in support thereof in a criminal case charging illegal possession of narcotics.

A search warrant for narcotics and narcotic paraphernalia was issued by the Clackamas County District Court on October 25, 1970, based upon an affidavit of a police officer. The search was conducted on the same day and resulted in the seizure of narcotics. An information of felony was then filed in the district court charging the defendant with illegal possession of narcotic drugs. The defendant filed in district court a motion to quash the affidavit and search warrant and suppress evidence. At the time set for preliminary hearing before the district court the court first took up defendant's motion to quash and after counsel for the defendant and for the state made oral presentations, the district court by order quashed the affidavit and search warrant and suppressed the evidence seized under the warrant. The state then took an order dismissing the charge of illegal possession of narcotics

in the district court "* * * for the reason that evidence crucial to the State's case has been suppressed by order of the District Court dated November 16, 1970 * * *." Thereafter, on December 23, 1970, the Grand Jury of Clackamas County returned into the circuit court an indictment charging the defendant with the same offense of illegal possession of narcotic drugs. The defendant again moved to suppress the evidence seized under the search warrant because "* * * the search warrant and affidavit in support of said search have heretofore been quashed by the issuing [district court] magistrate * * *." The circuit court ordered the evidence suppressed. That court, in a memorandum opinion explaining its ruling, stated that defendant had followed the procedure set forth in ORS 141.150 and 141.160,[1] from which no appeal is provided, and that after suppression by the issuing magistrate the circuit court had no authority to "revive" the search warrant. The circuit court suggested a writ of review was the only remedy available to the state.

■ The primary question for determination by this court is whether the suppression order of the issuing magistrate, the district court, is binding upon the circuit court. This question has not been squarely decided in Oregon. Since the district court is not a court of

---

[1] ORS 141.150:

"If the person from whose possession the property was taken controverts the grounds of issuing the warrant, the magistrate shall proceed to examine the matter by taking testimony in relation thereto."

ORS 141.160:

"If it appears that the property taken is not the same as that described in the warrant or that there is no probable cause for believing that the grounds on which the warrant was issued exist, the magistrate shall cause the property to be restored to the person from whom it was taken."

record, no provision is made for setting forth the basis of the magistrate's ruling on a motion made pursuant to ORS 141.150 and 141.160, and no record is required to be made to disclose whether or not the ruling is supportable. As mentioned, there is no provision for appeal from the district court's ruling under the statutes quoted. Thus, its determination of a factual matter would be final unless additional inquiry is permitted in the trial court. We do not believe that the law contemplates such finality for the magistrate's ruling. From the defendant's standpoint, if the ruling were adverse to him, we recognize that he would not be bound by the ruling of the magistrate on a non-appealable question involving his constitutional rights. Thus we believe the trial court has the inherent power to re-examine the ruling of the magistrate at the behest of the defendant. Since we are not involved with constitutional rights of the state in search procedures, the same reasoning does not apply to the state's position if a ruling adverse to the state has been made by the magistrate. However, it has been held that a suppression ruling of the judge at the preliminary hearing was not binding on the trial court. For example:

"In People v. Kissane, 347 Ill 385, 390, 179 NE 850, 852, the defendant contended that the suppression of evidence in the municipal court was res judicata on the same issue in the criminal court. The Supreme Court held that the first ruling had been upon a mere preliminary motion in a court where the defendant was not brought to trial and in which he entered no plea. The order was not binding at the trial. * * *" People v. Taylor, 124 Ill App2d 268, 274, 260 NE2d 347, 350 (1970).②

---

② The *Taylor* decision goes on to say:

"* * * The rationale of the Kissane decision is still valid even though there are no longer such separate courts in Illi-

■■ It is not clear on what basis the defendant in the present case claimed the ruling of the district court was final. He argued that the state had followed the wrong procedure to test the ruling. The writ of review which the defendant contends was the proper procedure presents for review only questions of law arising on the record of the inferior tribunal, not factual determinations. ORS 157.070; *Silva v. State,* 243 Or 187, 189, 412 P2d 375 (1966). Such review would not reach the question of the sufficiency of the facts as determined by the district court at the suppression hearing to support its order.

■ Because we do not believe that the law was intended to prevent prosecutions by the state by making a non-appealable suppression order final, we hold, absent a supporting record, that the ruling of the district court suppressing the evidence at or prior to the preliminary hearing is not binding upon the trial court.

Since the trial court in making the ruling it did was not required to rule upon the efficacy of the affidavit for search warrant, it should be given the oppor-

---

nois. Before res judicata or collateral estoppel applies there must be a final judgment of a court of competent jurisdiction. 9 ALR3d 214 (Res Judicata—Criminal Cases). Although both judges in this case were Circuit Court judges, they had different powers and functions. The judge at the preliminary hearing could only determine if there was probable cause that the defendant had committed the crime with which he was charged. Since a finding of probable cause or of no probable cause is not binding upon a subsequent grand jury, we are not persuaded that a ruling on an incidental matter to such a finding—a motion to suppress—should be res judicata on the judge at the trial.

"This decision has also been reached in other jurisdictions. Watts v. United States, [131 US App DC 125] 402 F2d 676, 684 (DC Cir); People v. Prewitt, 52 Cal2d 330, 340, 341 P2d 1, 6. * * *" 124 Ill App2d at 274, 260 NE2d at 350.

tunity to do so. The record indicates no oral testimony was taken before the circuit court, but that arguments of counsel were had. Frequently admissions of fact and stipulations are made in arguments of counsel. The record does not disclose fully what may have been before the trial court. We therefore remand to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.