Argued May 22, affirmed June 18, petition for rehearing denied
July 11, petition for review allowed September 18, 1973

## STATE OF OREGON, *Respondent, v.* MARK ALLEN SWAIN (No. 81331), *Appellant.*

## STATE OF OREGON, *Respondent, v.* JEFF CHARLES GOLDSMITH (No. 81330), *Appellant.*

510 P2d 1341

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellants.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendants were accused by information of the felony of criminal activity in drugs in violation of ORS 167.207. After the charges were dismissed at the preliminary hearing stage, defendants were indicted for the same offense and were eventually convicted by the court of possession of less than one avoirdupois ounce of marihuana, a misdemeanor. ORS 167.207 (3). Their consolidated appeals raise the issue of the validity of the search warrants pursuant to which the evidence introduced against them at their trials was seized.

On September 30, 1972, Officer John Verheul, Jr., of the Clackamas County Sheriff's Department applied to a district court judge for a search warrant for defendants' residence. The affidavit in support of his application stated that on the previous day (September 29) Officer Verheul "was in contact with a reliable and confidential informant" who told him that within the past 10 days she had been in defendants' residence on at least two occasions. On the first occasion, the informant told Officer Verheul, she observed a woman in possession of a substance which she visually identified as marihuana. The informant stated that the woman (identified in the affidavit only as "Jane Doe") invited her to participate in smoking marihuana (which was already being done by other persons) and she did so. On her second visit to the residence (which occurred within 48 hours of the time of the application for the warrant), the informant told Officer Verheul that she again observed "Jane Doe"

in possession of a substance which she thought to be marihuana and that again she observed several persons smoking what appeared to be marihuana inside the residence. The informant further stated to Officer Verheul that additional marihuana was present in the residence at the time she left the residence.

The affidavit went on to state that the informant told Officer Verheul that she had had conversations with "Jane Doe" and that in these conversations "Jane Doe" had advised her that narcotics were kept for sale at the residence and were stored in other buildings on the property.

Officer Verheul stated in his affidavit that his informant had described to him defendants' residence as to appearance and location and that he had independently verified the existence of such a building at that location.

Finally, the affidavit stated that the informant had proven reliable in the past in that her information had led to at least 10 arrests for drug charges and that all of these arrests had resulted in convictions. In addition, the affidavit stated that the informant had proven her ability to identify marihuana in the past.

■ ■ Before moving on to a discussion of the essence of defendants' assignment of error, we point out that the affidavit described above was sufficient to justify the district judge in issuing a search warrant for the described premises. As pointed out in *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and further detailed in *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), an affi-

davit based on information supplied by a confidential informant is sufficient to support the issuance of a search warrant if it (1) sets forth some of the underlying circumstances necessary to enable the magistrate independently to judge the validity of the informant's conclusions and (2) contains some facts tending to support the officer's conclusion that the informer is "credible." This affidavit fulfills both of those criteria.

■ ■ The thrust of defendants' attack upon the search warrant was not directed to the facial sufficiency of the affidavit. Instead, defendants sought to show that the information contained in the affidavit was false. To do so a motion to controvert pursuant to ORS 141.150 and 141.160 was filed. At the hearing on the motion to controvert,[1] which was combined with a preliminary hearing, defendants produced testimony which was directed toward showing that there had never been anyone at defendants' residence who fit the description of "Jane Doe" and that Officer Verheul's informant was therefore either mistaken or lying when she stated that she had spoken with such a person. Defendants' witnesses also testified that only one woman had come to their residence during the time period referred to in Officer Verheul's affidavit, and that this woman, if she were the informant, could not possibly have observed what she said she did.

---

[1] The motion to controvert in this case was heard by a magistrate other than the one who issued the warrant. This would seem to be contrary to the language of ORS 141.150 and 141.160, which indicates that such a matter is normally to be heard by the issuing magistrate. See State v. Harris, 119 Or 422, 427, 249 P 1046 (1926). Such a reading of the statutes would also be consistent with their purpose, which is to insure that the person upon whom a search warrant is executed will be able to present his position in what is otherwise an ex parte proceeding, and be able to get his property back if it has been wrongfully seized.

Thereafter, defendants called Officer Verheul as a witness and asked him, essentially, whether his informant was the person who had been described by the previous witnesses and, if not, wherein her description differed from that of the person who had come to defendants' door. The state objected to that line of inquiry and when the court indicated that it would permit such questioning, the state moved to dismiss the information against defendants.

Three days after the dismissal, defendants were indicted for the same offenses and motions to suppress were filed in the circuit court. After hearing and arguments by counsel, the motions to suppress were denied. Defendants have appealed the denial of their motions on essentially two grounds: (1) facial invalidity (which issue we have decided, above, adversely to defendants' contention); and (2) that the circuit court was bound by the district court's finding that the affidavit contained information which was not truthful and could not undertake its own independent examination of that issue.

■ It is clear from the transcript of the hearing before the district court that what that court did was simply dismiss the information because the state had not made the requisite showing of probable cause for binding defendants over to the grand jury. The court did not in any way resolve the issue as to what it believed between, on the one hand, the averments of the affidavit of Officer Verheul, and on the other hand, the testimony of defendants' witnesses. Thus, there was no finding by which the circuit court could conceivably be bound, and therefore the issue of whether the circuit court would be bound in the event that the district court had made such a finding, with a sup-

porting record,[2] is not squarely presented. We reserve decision upon that point until the matter is before us on that issue.

Affirmed.

---

[2] We have previously held in State v. Stahley, 7 Or App 464, 492 P2d 295 (1971), that where there is no record, the finding of the district court is not binding upon the circuit court.