Argued November 5, 1973, reversed January 4, 1974

STATE OF OREGON, *Respondent, v.*
MARK SWAIN (No. 81331), *Petitioner.*

STATE OF OREGON, *Respondent, v.*
JEFF C. GOLDSMITH (No. 81330), *Petitioner.*

517 P2d 684

*Howard R. Lonergan,* Portland, argued the cause and filed briefs for petitioners.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

HOLMAN, J.

The defendants were indicted and convicted for illegal possession of drugs. ORS 167.207 (3). The conviction was upheld by an opinion of the Court of Appeals, 13 Or App 600, 510 P2d 1341 (1973). This court granted review. The drugs were seized as the result of a search conducted pursuant to a warrant. The error charged is permitting the State to introduce the drugs in evidence.

Subsequent to the seizure, a motion for a preliminary hearing, and a motion to controvert the affidavit in accordance with ORS 141.150 and 141.160[1]

---

[1] Both statutes subsequently repealed effective January 1, 1974, by Senate Bill 80, 1973 Legislative Session.

were filed before the issuing magistrate, a district judge. When the two matters came before Judge Mulvey, the magistrate who issued the warrant, he transferred them to Judge Sams, another district judge in the same county. No one objected.

The preliminary hearing and the motion to controvert were heard at the same time. There is some confusion as to what Judge Sams actually did. He orally indicated that he was dismissing the information upon which the charge was based and was refusing to bind the defendants over for consideration by the grand jury. Such actions would be in accordance with a finding that the State had failed to produce sufficient evidence of defendants' guilt at the preliminary hearing to justify holding the defendants further. However, when the judge subsequently signed the order, it read as follows:

"* * * and the State electing not to proceed further, the Court ordered the return of all property taken on the execution thereof to defendants except contraband which the Sheriff was directed to destroy and all such evidence was suppressed in any criminal proceeding and the action against defendants dismissed, the defendants discharged and their bonds exonerated, and on said day the State having moved for reconsideration, and the Court having reconsidered,

"IT IS ORDERED that the State is granted 15 days to elect whether to continue these proceedings, and if it so elects the order returning, destroying and suppressing said evidence and dismissing the action and discharging defendants be vacated and said hearing continue at a date to be fixed at the conclusion of which the Court will enter its decisions thereon, and if the State elects not to continue, the aforesaid order returning, destroying and suppressing said evidence and dismissing the action,

discharging defendants and exonerating their bond be and remain in full force and effect."

The State made no election to continue with the proceedings as provided in the order.

The State subsequently indicted the defendants and a successful prosecution followed with the use of the evidence which had been the subject of the motion to controvert. The prosecution was upheld by the Court of Appeals, and this court accepted review to decide whether it was proper for the State to use the evidence which was the subject of the district court's order to suppress.

We must first determine what the district court decided. This is governed by the order which the district judge signed and not by any statement which he made at the conclusion of the hearing. A judge may change his mind concerning the proper disposition between the time of a hearing and his final action which takes place when he signs the order disposing of the matter. It is apparent from the order that the magistrate did two things: (1) he dismissed the criminal proceedings pursuant to the preliminary hearing; and (2) he suppressed the evidence in accordance with the motion to controvert. The Court of Appeals, to the contrary, held that the district court only dismissed the criminal information pursuant to the preliminary hearing and that it did not act on the motion to controvert.

There are two previous decisions of the Court of Appeals which hold that the suppressing of the evidence by the magistrate issuing the warrant pursuant to a motion to controvert is not final and that the same question may be heard again by the circuit judge at the trial of the case. *State v. Kangiser,* 8 Or App 368,

494 P2d 450 (1972); *State v. Stahley,* 7 Or App 464, 492 P2d 295 (1971). The *Stahley* case said as follows:

"Because we do not believe that the law was intended to prevent prosecutions by the state by making a non-appealable suppression order final, we hold, absent a supporting record, that the ruling of the district court suppressing the evidence at or prior to the preliminary hearing is not binding upon the trial court." 7 Or App at 468.

■ Oregon Laws 1971, ch 644, § 2, enacted subsequent to the hearings in the circuit court in the *Kangiser* and *Stahley* cases, amended ORS 157.020 by adding subsection (2)(d), which provides for an appeal from an order of a justice or a district court suppressing evidence which is made prior to trial.[2] The State did not appeal the district judge's order suppressing the evidence though the law provided for an appeal. Therefore, the district court's suppression of the evidence had to be a final determination and res judicata. Without having the determination reversed, the State could not thereafter use the evidence in prosecuting the defendants, and the circuit court erred in permitting its use.

---

[2] "ORS 157.020 Who may appeal; appealable judgments and orders.

"(1) Except as provided in subsection (2) of this section, an appeal may be taken only by the defendant and whether or not the judgment is that he pay a fine or be imprisoned. The right of appeal granted herein shall apply to all municipal courts notwithstanding ORS 221.350.

"(2) The plaintiff may take an appeal from:

"(a) An order made prior to trial dismissing a complaint or information;

"(b) An order sustaining a plea of former conviction or acquittal;

"(c) An order arresting the judgment; or

"(d) An order made prior to trial suppressing evidence."

■ ORS 141.150 provides that the hearing on the motion to controvert is before the magistrate who issued the warrant. In the present circumstance the hearing was not heard by Judge Mulvey who issued the warrant but by another judge on the same court, Judge Sams. The departure from the requirements of the statute is not jurisdictional and was waived by both parties when they failed to object.

The conviction of the defendants and the decision of the Court of Appeals are reversed.