Argued and submitted August 29, affirmed November 28, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## FLOYD WAYNE BELL,
*Appellant.*

## (89C-21101; CA A62699)

801 P2d 139

Mark J. Geiger, Salem, argued the cause and filed the brief for appellant.

Yuan Xing Chen, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

After a stipulated facts trial to the court, defendant was convicted of attempted sodomy in the first degree, ORS 163.405 and ORS 161.405, sexual abuse in the first degree, ORS 163.425, and driving under the influence of intoxicants. ORS 813.010. He contends that he was improperly sentenced as a dangerous offender under ORS 161.725 to ORS 161.735. We affirm.

Defendant argues that the trial court failed to make the required findings before sentencing him as a dangerous offender.[1] Specifically, he argues that the trial court did not make an oral finding that, because of his dangerousness, an extended period of confinement is necessary. The claim is without merit. Although its oral pronouncements were incomplete, the trial court made all the required findings in its written judgment. *State v. Swain/Goldsmith,* 267 Or 527, 530, 517 P2d 684 (1974).

Defendant next argues that the trial court did not set a presentence hearing and allow him to cross-examine the psychiatrist who evaluated him as a dangerous offender. The trial court must set a presentence hearing, unless it is waived by the district attorney and the defendant.[2] The state points out that defendant had the opportunity to be heard before sentencing occurred and in fact argued against the imposition of the dangerous offender sentence. He did not object to the lack of a formal presentence hearing until the court made findings adverse to him. Defendant waived his objection to the lack of a formal hearing.

---

[1] In *State v. Huntley,* 302 Or 418, 438, 730 P2d 1234 (1986), the Supreme Court, interpreting the dangerous offender statutes, said that the trial court must make findings

"whether (1) the defendant is dangerous, (2) because of the dangerousness of the defendant an extended period of confinement is required for the protection of the public, and (3) the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

[2] ORS 161.735(5) states:

"Upon receipt of the examination and presentence reports the court shall set a time for a presentence hearing, unless the district attorney and the defendant waive the hearing. At the presentence hearing the district attorney and the defendant may question any psychiatrist or psychologist who examined the defendant pursuant to this section."

Defendant also argues that the trial court failed to order the dangerous offender evaluation required by ORS 161.735(1) and, instead, used a presentence investigation report prepared for another county on an unrelated charge.[3] The state asserts that, at the time of the stipulated facts trial, both the state and defendant agreed to rely on that report. The record supports the state's assertion. In fact, the presentence report was prepared for both counties and contained sentencing recommendations for both counties. One of the psychiatric reports ordered in connection with the presentence investigation considered defendant's crimes in both counties. It was not error to rely on that report for sentencing for those convictions.

Defendant's remaining claim of error does not merit discussion.

Affirmed.

---

[3] In Polk County, defendant was convicted of rape, sex abuse, incest and sodomy.