Argued and submitted June 7, affirmed September 26, 2001

Mike GAMBEE;
Greg Gambee; and Brad Gambee,
*Plaintiffs,*

· *v.*

WESTERN INTERNATIONAL FOREST
PRODUCTS, INC.,
an Oregon corporation,
and Forest City Trading Group, Inc.,
an Oregon corporation,
*Defendants.*

WESTERN INTERNATIONAL FOREST
PRODUCTS, INC.,
an Oregon corporation,
and Forest City Trading Group, Inc.,
an Oregon corporation,
*Appellants,*

*v.*

Gary I. GRENLEY,
an individual,
and Grenley, Rotenberg, Evans, Bragg & Bodie, P.C.,
an Oregon Professional corporation,
*Respondents.*

C97-0840CV; A108480

32 P3d 919

Carl R. Neil argued the cause for appellant Western International Forest Products, Inc. With him on the briefs were Lindsay, Hart, Neil & Weigler, LLP and Lois O. Rosenbaum and Stoel, Rives, LLP. On the reply brief was Scott E. Crawford.

Respondent Gary I. Grenley argued the cause *pro se*. Christopher R. Hardman argued the cause for respondent Grenley, Rotenberg, Evans, Bragg & Bodie, P.C. With them on the brief were Law Offices of C.R. Hardman.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges

BREWER, J.

**BREWER, J.**

Plaintiffs, who are lumber traders, filed an action against defendants, who are plaintiffs' former employers, alleging claims for unpaid commissions, penalties, interest, and attorney fees. The case settled on the day of trial. Defendants brought this contempt proceeding against plaintiffs' counsel pursuant to ORS 33.015 *et seq.*, asserting that plaintiffs' counsel violated the terms of a stipulated order of confidentiality by revealing the nature of components of the settlement agreement to the media and to his prospective clients. After a hearing, the trial court dismissed the proceeding, determining that contempt had not been established. Defendants appeal. We conclude that the trial court did not err in dismissing the proceeding and affirm.

The facts are undisputed. In the underlying case, plaintiffs asserted a right to commissions allegedly owed to them by defendants over a period of several years. Their settlement agreement with defendants provided that the amount of consideration paid in settlement "shall remain confidential." The parties also executed a "stipulated order of confidentiality," signed by the trial court, stating that plaintiffs and plaintiffs' counsel "are prohibited from disclosing the amount paid by any party." The order also stated that "[d]isclosure of the amount of such consideration" would constitute contempt of court.

▮        Shortly thereafter, plaintiffs' counsel issued a press release to trade publications describing the underlying litigation and stating that "[a] settlement * * * reached on the first day of trial * * * reimbursed [plaintiffs] for commissions, interest and attorney fees. The specific amount paid is confidential by agreement of the parties." Plaintiffs' counsel also sent letters to prospective clients, again describing the litigation and disclosing that on the day of trial

> "[defendants] made [plaintiffs] a settlement proposal they could not refuse, and the case was settled for a sum of money, the specific amount of which must remain confidential * * *[.] I am at liberty to disclose that the settlement * * * reimbursed [plaintiffs] for trader compensation which we claimed was due them for the years covered by the lawsuit."

Defendants filed this contempt proceeding, asserting that the press release and letters violated the terms of the court's stipulated order of confidentiality. After a hearing at which the trial court heard oral argument and received evidence, including testimony from both parties, the court rejected the claim and dismissed the contempt proceeding. On appeal, defendants assert that plaintiffs' counsel's conduct violated the stipulated order of confidentiality as a matter of law, and they seek remand for entry of judgment for defendants.

■    A *prima facie* case of contempt is shown by proof of (1) the existence of a valid court order; (2) the contemnor's knowledge of the order; and (3) the contemnor's voluntary violation of the order. *Barrett and Barrett*, 320 Or 372, 886 P2d 1 (1994). Here, the focus is on the third element only. It is agreed that plaintiffs' counsel acted voluntarily, in the sense that he intended to make the disclosures. The decisive question on appeal is whether the challenged conduct violated the trial court's order.

■    Unless there is an ambiguity, we determine the meaning of the trial court's order as a matter of law, based on the signed document only and without reference to extrinsic evidence. *See State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974). The order expressly prohibits disclosure of the "amount" paid in consideration of the settlement. *Webster's Third New Int'l Dictionary*, 72 (unabridged ed 1993) defines "amount" as "the total number or quantity: AGGREGATE ‹ the ~ of the fine is doubled › : SUM, NUMBER ‹ add the same ~ to each column › ‹ the ~ of the policy is 10,000 dollars ›." Under this commonly understood meaning, "amount" is a precise number.

Defendants take the view that "amount" is unambiguous but that it means more than a bottom-line dollar figure. They cite other dictionary definitions and case law in support of that view. *See, e.g., Black's Law Dictionary*, 83 (6th ed 1990) ("**Amount.** The whole effect, substance, quantity, import, result, or significance."); *In re Haggerty*, 448 NW2d 363, 366 (Minn 1989) (saying that "amount" can reasonably be defined to mean either value or quantity); *Greenstein by Horowitz v. Bane*, 833 F Supp 1054, 1073 (SDNY 1993) ("Amount in the context of money, means more than just a

number; it refers to the value of the sums expended."). Defendants further contend that, although no precise dollar amount was disclosed, the disclosed information concerning the "value, importance, significance and components of compensation paid in the settlement" *related to the amount* of the settlement from which the actual amount of compensation can be inferred and thereby violated the stipulated order.

The definitions of "amount" suggested by defendants would appear to be applicable in contexts other than those involved here. The parties agreed that the stipulated order provided that plaintiffs were "prohibited from disclosing the *amount paid* by any party in consideration for the settlement of this matter." If the parties had meant to prohibit disclosure of other aspects of the settlement, they could easily have so provided. In our view, the only plausible meaning of the term "amount" in this context is that described in the *Webster's Third New Int'l Dictionary* definition quoted above. "Amount paid," as used in the order, can connote only the specific dollar figure paid to plaintiffs. Disclosure of a specific dollar amount would have violated the court's order. Disclosure of the nature of the components of the settlement did not.

To be sure, as defendants protest, plaintiffs' counsel's disclosures made no secret of the significance of plaintiffs' recovery. However, the stipulated order did not prohibit disclosure of the significance of the recovery or of information *related to the amount* of the settlement. It expressly prohibited disclosure only of the "amount" of the settlement itself, which, as we have concluded, was not disclosed. Accordingly, we affirm the trial court's ruling that defendant failed to prove a violation of the court's order.[1]

Plaintiffs' counsel sought an enhanced prevailing party fee against defendants in the trial court pursuant to

---

[1] Defendants also argue that the trial court erred in applying the "clear and convincing" evidence standard for proof of facts in a contempt proceeding, when the case depends only on a legal interpretation of the terms of the order. As defendants agree, the dispositive question on appeal is whether plaintiffs' counsel's conduct violated the terms of the stipulated order. That, in turn, depends on the meaning of the term "amount" as used in the order. Because we conclude that the meaning of the disputed term is unambiguous and may be resolved as a matter of law without resort to extrinsic evidence, we need not address the question of the standard of proof.

ORS 20.190(3), which the trial court denied. They do not cross-appeal, but they do seek attorney fees on appeal under ORS 20.105(1), asserting that defendants had no objectively reasonable basis for appealing. We reject the assertion without discussion.

Affirmed.