On appellant's petition for reconsideration filed November 22, reconsideration allowed; former opinion (208 Or App 424, 144 P3d 1052) adhered to December 27, 2006

# STATE OF OREGON,
## *Appellant,*

*v.*

# LES L. MILLER,
## *Respondent.*

# 03CR0968; A127389

149 P3d 1251

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Steven R. Powers, Assistant Attorney General, for petition.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

The state petitions for reconsideration of our decision in *State v. Miller*, 208 Or App 424, 144 P3d 1052 (2006), in which we held that the trial court properly denied the state's motion *in limine* to admit into evidence certain lab reports without offering testimony by the authors of those reports. The state asserts that it wishes to "correct the court's understanding of the proceedings in the trial court." The state further asserts that, once this court has removed its "erroneous references," it will need to modify the disposition of the case and reverse the trial court's order. As explained below, we allow reconsideration and adhere to our opinion.

As we explained in our opinion, "the state moved *in limine* on the morning of trial to have the court determine the admissibility of two lab reports * * * that the state wished to introduce into evidence without calling the authors of those reports as witnesses." 208 Or App at 426. We noted later in the opinion that "the parties on appeal incorrectly assume that the trial court ruled on a *defense* motion to exclude the reports." *Id.* at 428 n 2 (emphasis in original). We ultimately concluded:

> "The state's position on appeal assumes that *defendant* moved to *exclude* the reports. That is incorrect. As noted above, 208 Or App at 428 n 2, the *prosecutor* sought to have the reports *admitted* without defendant being afforded any opportunity to cross-examine the authors of the reports. That is, the original prosecutor had assured defense counsel that the authors of the reports would be subpoenaed— and, when that did not occur due to prosecutorial error, the prosecutor at trial advanced an argument that live testimony was not necessary because the reports were 'nontestimonial hearsay' under *Crawford*. Not only was the state's argument incorrect under *Crawford*, as explained above, but it violated *Hancock*'s directives that, under ORS 475.235, 'defendant [may] select the method by which the state will prove the nature of the controlled substance that is involved in the case,' and 'the state *will* call the criminalist if the defendant elects to have it do so.' 317 Or at 11 (emphasis added).

"Defendant, in this case, *did* elect to have the state call the authors of the lab reports. The state did not do so. Accordingly, the trial court correctly determined, on the state's motion *in limine*, that the reports would not be admitted into evidence without testimony from the authors of the reports."

*Miller*, 208 Or App at 440-41 (footnote omitted; emphasis and bracketed material in original).

The gravamen of the state's petition for reconsideration is that we misunderstood the record and that, in reality, the trial court *was* ruling on a motion by defendant, not a motion by the state. In support of its position, the state notes that the order that the trial court entered was labeled "order on *defendant's* motion *in limine*." (Emphasis added.) The state asserts that, because "a written order controls over oral statements made by a court," *State v. Jacobs*, 200 Or App 665, 672, 117 P3d 290 (2005), we erred in describing the motion at issue in the present case as the state's motion *in limine*.

We did not overlook the mislabeling of the order by the trial court. Rather—and contrary to the state's assertion—the mislabeling of an order does not, and cannot, alter the underlying historical and procedural reality. The record in this case explicitly establishes that the only *in limine* motion before the court was the *state's* motion *in limine*—and that was the motion that was the subject of the court's order.

We recount in detail the events that led to the trial court's ruling in this case. Neither party filed any written pretrial motion on the question of the admissibility of lab reports. The case was to be tried on September 22, 2004. The case was called on that date, and each party stated what witnesses were expected. The authors of the lab reports were not among the expected witnesses. The court asked:

"Anything for the record before we invite the jury to join us?"

The prosecutor replied:

"Yes, your Honor. *The State would like the Court to consider the admissibility of the lab reports in this case.* There are

two lab reports. And in consultation with the defense attorney I know that the defendant will be objecting to the admissibility of the lab reports based on *Crawford*. And I'd like the Court to go ahead and make a decision.

"*We're asking for a pre-trial decision* because should the Court rule against us the State will be asking for—will be appealing the decision."

(Emphasis added.) The court then asked defense counsel:

"I guess why don't I hear your objection first * * * so I can understand—?"

Defense counsel replied:

"Your Honor, I'm going * * * to be objecting to the entry of both of the lab reports based on *Crawford*[.]"

The parties then argued their respective positions, as set forth in our opinion. *Id.* at 427-28. When it ruled, the court stated:

"I feel that *State vs. Hancock* does not apply in this case in that it's clear that the defendant was notified that these witnesses would be testifying, at least Mr. Meneely. * * * But * * * my main ruling is on *Crawford* and its effect on this kind of testimony, this kind of evidence.

"So for that reason I am going to rule that this is inadmissible without—the State's Exhibit 1 and 2 is inadmissible without the live testimony of the forensic scientist, or criminalist or analyst who prepared the reports.

"Is the State going to appeal?"

The prosecutor replied that the state would appeal, and "therefore the State will not be available for trial." As noted, the order that ultimately was entered indicated that it was on "defendant's motion *in limine*" rather than on the state's motion.

■     On reconsideration, the state asserts that the fact that the trial court asked defense counsel to describe her objection before asking for the prosecutor's position, and the fact that the order ultimately was labeled as an order on "defendant's motion *in limine*," means that the trial court did not, in fact, rule on the state's pretrial motion but, instead, ruled on a defense "motion" that was never made.

In the totality of the circumstances, nothing suggests that the trial court was actually acting on some sort of implicit, inchoate, unspoken, and unwritten pretrial motion made by defense counsel. As noted above, the prosecutor stated that she understood from defense counsel that defense counsel intended to object to the admissibility of the lab reports at trial. The state then specifically asked the court for "a pre-trial decision because should the Court rule against us[,] the State will be asking for—will be appealing the decision." That is, the state, not defendant, moved *in limine* because it wanted, and needed, a ruling that it could appeal if that proved necessary. *See generally* ORS 138.060 (permitting state to take interlocutory appeal concerning pretrial evidentiary rulings).

In sum, the state specifically asked for a pretrial ruling on whether it could admit the lab reports without calling their authors as witnesses so that it could appeal an adverse ruling pretrial. It did appeal the adverse ruling pretrial, and lost, in part, because the steps that the prosecutor took in this case did not (as both we and the trial court recognized) comport with the requirements of ORS 475.235, as interpreted in *State v. Hancock*, 317 Or 5, 854 P2d 926 (1993). The state cannot, at this point, shift the burden of *Hancock*, so to speak, onto defendant by rewriting history and denying that the trial court was ruling on the state's motion to admit evidence.

The general rule that a written order controls over an inconsistent oral statement by a trial court is inapposite to the circumstances presented here. That rule is based on the premise that a "judge may change his mind concerning the proper disposition between the time of a hearing and his final action which takes place when he signs the order disposing of the matter." *State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974). In this case, the judge did not change his mind about his ruling. Rather, the court's order merely misdescribed which party had, in fact, sought the ruling. That mislabeling has no effect on the proper disposition of this case.

Reconsideration allowed; former opinion adhered to.