Submitted on record and briefs December 14, 2007, conviction for attempted delivery of a controlled substance within 1,000 feet of a school reversed and remanded; remanded for resentencing; otherwise affirmed March 5, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## PATRICK DAVID CHOIN,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF040926; A130734

179 P3d 743

Andrew S. Chilton and Chilton, Ebbett & Galli, LLC filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the briefs for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Sercombe, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant was convicted of attempted delivery of a Schedule II controlled substance within 1,000 feet of a school, ORS 161.405 and *former* ORS 475.999 (2003), *renumbered as* ORS 475.904 (2005); possession of a Schedule II controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005); felon in possession of a firearm, ORS 166.270; and unlawful possession of a firearm, ORS 166.250. On appeal, defendant asserts two assignments of error. First, defendant contends that the trial court erred in allowing the testimony of an officer whose identity had not been disclosed on the state's witness list. We reject that argument without discussion.

In a supplemental assignment of error, defendant argues that the trial court erred when it admitted into evidence a laboratory report containing an analysis of a controlled substance without requiring the state to call as a witness the person who prepared the report. *See State v. Birchfield,* 342 Or 624, 631-32, 157 P3d 216 (2007) (the requirement that a criminal defendant subpoena the criminalist who prepared a laboratory report, pursuant to ORS 475.235, violates the defendant's right to confrontation under Article I, section 11, of the Oregon Constitution). Defendant does not argue that he preserved that claim of error as required by ORAP 5.45(1); rather, he requests that we review the error as error apparent on the face of the record. For the reasons stated in *State v. Marroquin,* 215 Or App 330, 335-36, 168 P3d 1246 (2007), we agree that admission of the laboratory report violated defendant's confrontation rights under the state constitution and constitutes error apparent on the face of the record.

■    The question, then, is whether this is a case in which we should exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382 n 6, 823 P2d 956 (1991) (listing factors that bear on the court's exercise of discretion to correct plain error); *see also State v. Ramirez,* 343 Or 505, 512-14, 173 P3d 813 (2007) (applying *Ailes* factors in determining whether this court erred in exercising its discretion to correct plain error). For the reasons discussed below, we exercise our discretion to correct the error as to the

conviction for attempted delivery of a controlled substance, but not as to the conviction for possession of a controlled substance.[1]

Although defendant concedes that he did not preserve the precise constitutional issue of confrontation that he asserts on appeal, he did raise a closely related objection to the admission of the laboratory report. Defendant argued to the trial court that it should not admit the report because

> "th[e] report is entirely hearsay evidence, regardless of whether or not [the officer who testified] had, in fact, received the report. What the report contains, there are statements that are made out of court that are offered as in-court statements and offered as evidence to the jury. And so I'd offer that this is hearsay evidence and object to the introduction of the lab report."

The court, in response, "overrule[d] the objection per statute. It's authorized. So it will be admitted." Thus, although defendant did not direct the trial court to the state or federal constitution in support of his objection, the error in admitting the report was drawn to the court's attention and a related issue—the fact that the report contained out-of-court statements that were being used against him—was presented to the trial court. *See Ailes*, 312 Or at 382 n 6 (listing, as one factor to consider in deciding whether to exercise the court's discretion, how the error came to the court's attention). That factor weighs in favor of the exercise of our discretion to consider the error.

Moreover, the policies behind the general rule requiring preservation would not be offended by our exercise of discretion in this case. As in *Marroquin*, "the law regarding the admissibility of crime laboratory reports has changed significantly since defendant's trial." 215 Or App at 337. At the time that defendant objected to the admission of the laboratory report in the trial court, the argument that defendant now asserts on appeal was foreclosed by *State v. Hancock*, 317 Or 5, 854 P2d 926 (1993), which held that the admission

---

[1] Defendant concedes that the admission of the laboratory report was not relevant to his convictions concerning the possession of firearms and provides no basis for reversing those convictions.

of a laboratory report pursuant to ORS 475.235 did not violate a defendant's right to confrontation. *See also State v. Dibbern*, 209 Or App 602, 603, 149 P3d 170 (2006), *vac'd and rem'd*, 343 Or 159, 164 P3d 1160 (2007) ("Confrontation Clause concerns are satisfied by the availability of a procedure, under ORS 475.235 * * *."); *State v. Miller*, 208 Or App 424, 440, 144 P3d 1052, *adh'd to on recons*, 210 Or App 176, 149 P3d 1251 (2006) (ORS 475.235 does not violate a defendant's confrontation rights). Thus, had defendant specifically invoked Article I, section 11, as the basis for his objection to the admission of the laboratory report, the trial court presumably would have reached the same conclusion. That factor, too, weighs in favor of exercising our discretion to correct the error.

In addition, with respect to the conviction for attempted delivery of a controlled substance within 1,000 feet of a school, we conclude that the gravity of the error and the ends of justice require reversal. Defendant's theory of the case—which he argued in his opening statement and closing argument—was that he possessed methamphetamine for his own use and had no intent to distribute it. The state argued that defendant's intent to distribute the methamphetamine could be inferred from the amount of methamphetamine found in his possession—6.9 grams, according to the laboratory report. In fact, in his closing argument, the prosecutor relied on the laboratory report to argue that "quick math tells me that's about 28 weeks', approximately, personal use. * * * That's a lot of personal use. What else was [defendant] doing with that bag?" The quantity of methamphetamine was central to the state's case on that charge, and defendant should have had the opportunity to cross-examine the criminologist who prepared the report. *See Marroquin*, 215 Or App at 337 (concluding that the gravity of the error was sufficient to warrant correction where "[t]he crime laboratory report was critical to the state's case against defendant"). Accordingly, we exercise our discretion to correct the trial court's error as to the conviction for attempted delivery of a controlled substance within 1,000 feet of a school.

We reach a contrary conclusion, however, with respect to the charge of possession of a controlled substance. Defendant's counsel began his opening statement with the

statement, "The defendant was in possession of drugs in this case. * * * The methamphetamine, [defendant] does know that at the time, he was into drugs, and he had methamphetamine on his person for his personal use." In closing argument, defendant's counsel stated, "[Defendant] was arrested and he had methamphetamine in his pocket, the second count that we're trying today, the other count, possession of controlled substance. [Defendant] is not disputing that. He's admitting this * * *." Thus, even though the trial court erred in admitting the laboratory report, there was never any legitimate debate as to whether the substance at issue in the laboratory report was actually methamphetamine. Accordingly, we decline to exercise our discretion to correct the trial court's error in admitting the laboratory report with regard to defendant's conviction for possession of a controlled substance. *Cf. State v. Raney*, 217 Or App 470, 175 P3d 1024 (2008) (trial court did not commit plain error in admitting laboratory report where defendant did not contest that the substance tested was actually methamphetamine).

Conviction for attempted delivery of a controlled substance within 1,000 feet of a school reversed and remanded; remanded for resentencing; otherwise affirmed.