Argued and submitted November 9, 2007, affirmed April 16, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM R. WILLIS,
*Defendant-Appellant.*

Union County Circuit Court
F10934; A126649

182 P3d 891

David J. Celuch argued the cause and filed the brief for appellant.

Heather A. Vogelsong argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals a conviction for unlawful delivery of a controlled substance, *former* ORS 475.992 (2003), *amended by* Or Laws 2005, ch 708, § 39, *renumbered as* ORS 475.840 (2005), and assigns error to the trial court's admission into evidence of a state crime laboratory report identifying a substance allegedly delivered by defendant to a police informant as marijuana. Specifically, defendant argues that the admission violated his right to confrontation under both Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution.[1] The state agrees that the report was improperly admitted under Article I, section 11, but, nevertheless, asserts that the conviction should be affirmed, contending that the error was harmless under both the state and federal constitutions. We agree and affirm.

We take the following facts from the record. Several years ago, defendant was injured at work. As a result of his injury, defendant's physician prescribed marijuana to treat pain symptoms. Defendant was later indicted by a grand jury on one count of unlawful manufacture of a controlled substance, two counts of unlawful delivery of a controlled substance, and three counts of unlawful possession of a controlled substance; those charges were precipitated by his alleged selling of marijuana to a police informant. The purported marijuana delivered to the informant was in a sandwich baggie that would be later identified at trial as Exhibit 20. Defendant pleaded not guilty to the charges.

Before trial, defendant moved to exclude a report prepared by the Oregon State Crime Laboratory, which opined that the substance in Exhibit 20 was marijuana. Defendant's trial counsel asserted that admitting the report without calling the analyst who prepared it would violate

---

[1] In his opening brief, defendant raised the confrontation issue only under the federal constitution. In a supplemental memorandum of additional authorities, defendant raised the issue under the state constitution for the first time. However, defendant had previously preserved both issues in the trial court. On appeal, the state does not argue that we should not consider the state constitutional issue on the ground that defendant failed to raise it in his opening brief, and we therefore do not address that issue under the provisions of ORAP 5.45(1).

defendant's confrontation rights under both state and federal constitutions:

> "[U]nder the recent U.S. Supreme Court ruling in *Crawford v. Washington*, [541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004),] my client has a confrontation clause right to confront the witnesses against him, and, by offering that * * * lab report in evidence as *prima facie* evidence [that the substance was marijuana] without the ability to cross examine [the analyst who prepared the report], it therefore forecloses my client's * * * confrontation clause right, constitutional right, both federally and under * * * Article I, section 11, of the Oregon Constitution[.]"

The trial court denied the motion and later admitted the laboratory report into evidence at trial without testimony from the analyst who prepared it.

Defendant waived his right to a jury trial, and the case was tried to the court. During opening statements, defendant's counsel told the court that the informant purchased the marijuana from defendant's son rather than defendant. During trial, defendant testified that he had not sold Exhibit 20 to the informant, and his lawyer attempted to impeach the informant's testimony that the informant had purchased Exhibit 20 from defendant.

In addition to the evidence in the laboratory report, two witnesses testified that Exhibit 20 contained marijuana. First, Officer Duncan identified Exhibit 20 as the marijuana he collected from the informant after the controlled buy. Duncan stated that "State's Exhibit 20 is a * * * clear plastic sandwich bag * * * with marijuana inside." At the time of the controlled buy, Duncan had served as a police officer for approximately 14 years, had attended several training classes for drug identification, had attended several Oregon Narcotics Enforcement Association seminars, and had made several hundred arrests for possession of marijuana. On cross-examination of Duncan, defendant's counsel asked, "So * * * the only information that you have, or the only link that you have between the marijuana that you received from [the informant] and my client is that [the informant] had told you he bought it from my client?"

Also, the informant testified that Exhibit 20 contained marijuana:

"Q: Okay, then, the stuff that you state that you bought from [defendant] on Halloween, was that also a dried product or was it a fresh product?

"A: I personally never opened it so I couldn't tell you, but I mean, it looked like it was a harvested, stuff, you know—

"Q: Did it look—

"A: —it was obviously harvested.

"Q: Did it look like, was it the color of the—

"A: It was green marijuana, yeah.

"Q: —the items that are here?

"A: Marijuana buds.

"Q: And you, you had seen the growing plants?

"A: Yes.

"Q: Did it look like those, the bright green of the growing plants?

"A: I don't know what you want me to say. It was marijuana. (Inaudible.) That's all I know. It was marijuana. I didn't smoke it. I didn't open the bag."

The informant stated that he had sufficient experience to recognize marijuana: "I've been around enough marijuana that I could see that it was marijuana." Defendant did not cross-examine the informant on his ability to identify marijuana.

■ On appeal, defendant reasserts his argument that the trial court's ruling on his pretrial motion to exclude the admission of Exhibit 20 violated his right to confrontation under both Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. The state concedes that, in light of *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), the admission into evidence of Exhibit 20, without calling the author of the report to testify, was error under Article I, section 11, but argues that the error was harmless in light of the other evidence regarding the contents of the exhibit. Second, the state asserts that any

error in admitting Exhibit 20 was also harmless under the Sixth Amendment.

Article VII (Amended), section 3, of the Oregon Constitution requires this court to affirm a judgment if the judgment achieved the correct result even if error was committed. *State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988). "Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). The *Davis* court explained:

> "In determining whether the error affected the verdict, it is necessary that we review the record. However, in so doing, we do not determine, as a factfinder, whether the defendant is guilty. That inquiry would invite this court to engage improperly in weighing the evidence and, essentially, retrying the case, while disregarding the error committed at trial, to determine whether the defendant is guilty. Rather, when we review the record, we do so in light of the error at issue. We ask whether there was little likelihood that the error affected the jury's verdict. * * * [It] is not a finding about how the court views the weight of the evidence of the defendant's guilt. It is a legal conclusion about the likely effect of the error on the verdict."

*Id.*

We conclude that there is little likelihood that the erroneous admission of the laboratory report identifying the substance in Exhibit 20 as marijuana affected the verdict, even if the informant's testimony is discounted as not credible. Although Duncan's testimony was not admitted as expert testimony for the purpose of identifying marijuana, his 14 years of experience as a police officer, his attendance at many drug-identification seminars, and his hundreds of arrests involving marijuana lend credibility to his identification of Exhibit 20 as marijuana. Moreover, defendant did not cross-examine Duncan on his testimony that Exhibit 20 contained marijuana. Also, at trial, defendant did not contest that the Exhibit contained marijuana other than to put the state to its *prima facie* burden of proof by his not guilty plea. We note that, in his motion for a judgment of acquittal and in closing argument, defendant did not raise the issue of whether the state had proved that Exhibit 20 contained

marijuana. In light of the fact that there was no evidence that the substance was not marijuana, we conclude that the erroneous admission of the laboratory report in violation of Article I, section 11, was harmless.

Next, we must consider whether defendant is entitled to reversal under the federal constitution. The state frames the issue in an unusual posture. It does not argue that defendant's Sixth Amendment confrontation right was not violated by the admission of the laboratory report. Rather, it asserts that "under either a state or federal harmless error analysis, admission of the state crime laboratory report in this case was harmless." We understand that statement to constitute a tacit admission that, for purposes of this case, the admission of the laboratory report, without the author testifying to its contents, violated the Sixth Amendment and that the state wishes to leave for another day and a different case the argument that no Sixth Amendment violation occurred under such circumstances. In the absence of any briefing by the state on whether the Confrontation Clause was violated, we accept its invitation.[2]

■■■ Error under the Sixth Amendment is harmless if a reviewing court can conclude beyond a reasonable doubt that the error did not contribute to the outcome at trial. *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967). Although some errors are subject to automatic reversal under federal law, *Neder v. US*, 527 US 1, 8, 119 S Ct 1827, 144 L Ed 2d 35 (1999), violations of a defendant's Sixth Amendment confrontation right are subject to a harmless error review, *Delaware v. Van Arsdall*, 475 US 673, 684, 106 S Ct 1431, 89 L Ed 2d 674 (1986) ("Accordingly, we hold that the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to *Chapman* harmless-error analysis."); *see also State v. Cook*, 340 Or 530, 543-44, 135 P3d 260

---

[2] We note that the United States Supreme Court has recently granted *certiorari* in a case that would consider the constitutionality of a prosecutor offering a crime laboratory report as evidence in a criminal trial, instead of the live testimony of the expert who prepared the report. *Commonwealth v. Melendez-Diaz*, 69 Mass App Ct 1114, 870 NE2d 676, *rev den*, 449 Mass 1113 (2007), *cert granted*, ____ US ____ , 128 S Ct 1647 (2008).

(2006) (holding that violations of the Sixth Amendment Confrontation Clause are subject to a harmless error analysis). In determining whether an evidentiary error is harmless, a reviewing court should consider "the importance of the evidence, whether the evidence was cumulative, the presence or absence of evidence corroborating or contradicting the evidence, and the overall strength of the prosecution's case." *State v. Ennis*, 212 Or App 240, 262, 158 P3d 510, *rev den*, 343 Or 223 (2007) (citing *Van Arsdall*, 475 US at 684; *Cook*, 340 Or at 544).

Applying the above factors to this case, we conclude beyond a reasonable doubt that admission of the report did not contribute to the outcome at trial. The primary issue in dispute at trial, as framed by defendant's testimony, was whether defendant or his son sold Exhibit 20 to the informant. For the reasons discussed above, the issue of whether Exhibit 20 contained marijuana became a collateral issue that was not actually contested by defendant at trial. Even on appeal, defendant does not point to any evidence in the record that contradicts the state's evidence that Exhibit 20 contained marijuana. In light of all of the evidence at trial, we conclude that any error under the federal Confrontation Clause in admitting the report was harmless.

Affirmed.