Argued and submitted May 28, affirmed August 20, 2008, petition for review
denied January 13, 2009 (345 Or 618)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY WAYNE MAIDEN,
aka Gary W. Maiden,
*Defendant-Appellant.*

Multnomah County Circuit Court
051136619; A131900

191 P3d 803

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Samuel A. Kubernick, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Brewer, Chief Judge, and Ortega, Judge, and Carson, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant was charged with possession of methamphetamine, a Schedule II controlled substance, found during a police search of his residence. Before trial, defendant moved to exclude from evidence a crime laboratory report stating that the substance that he was charged with possessing was methamphetamine. He argued that the admission of the report would violate his confrontation rights under the Oregon and United States constitutions. The trial court denied the motion. That ruling was erroneous. *See State v. Birchfield*, 342 Or 624, 631-32, 157 P3d 216 (2007) (holding that the admission of a laboratory report identifying a controlled substance without making available for cross-examination the person who prepared the report violated the defendant's state constitutional right of confrontation). The sole issue on appeal is whether the admission of the laboratory report was harmless under the Oregon and United States constitutions. We conclude that the error was harmless and affirm.

On appeal from a judgment of conviction, we view the evidence presented in the light most favorable to the state. *State v. Cunningham*, 179 Or App 359, 361, 40 P3d 1065, *adh'd to on recons*, 184 Or App 292, 57 P3d 149 (2002), *rev'd and rem'd on other grounds*, 337 Or 528, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005). However, in our assessment of whether the erroneous admission of disputed evidence was harmless, we describe and review all pertinent portions of the record, not just those portions most favorable to the state. *Id.* at 361-62 n 2.

Unless otherwise indicated, the following evidence was undisputed. Police officers approached an apartment where they previously had arrested defendant's nephew for a drug offense. Defendant, who also resided in the apartment, was standing in the doorway. Defendant agreed to talk to the officers inside the apartment. While walking through the living room, an officer noticed an open wooden box in which was located a resealable bag that contained a small amount of a crystalline substance that the officer believed was methamphetamine. In defendant's room, the officers saw a scale of a type often used to weigh controlled substances, a broken glass methamphetamine pipe, and a "snort" straw on the

floor. After making those and other similar observations, the officers asked defendant for consent to pat him down, received consent, and found a marijuana pipe in defendant's pocket.

The officers gave defendant *Miranda* warnings. Defendant told the officers, among other statements, that the only methamphetamine in the apartment was in the wooden box in the living room. An officer testified that defendant stated, "It's not mine but I knew it was there," and that, if it were his, it would have been gone. Defendant described himself as a "meth junkie" and stated that he had used the drug earlier in the day. With defendant's consent, the officers seized the resealable bag from the wooden box. An officer performed a field test on the crystalline substance found in the box that presumptively identified the substance as methamphetamine. The crime laboratory report, received in evidence after the trial court denied defendant's motion to exclude it, also indicated that the substance was methamphetamine.

In his pretrial motion, defendant sought to exclude, in addition to the laboratory report, any testimony by police officers about drug paraphernalia that they had observed in defendant's residence, on the ground that none of those items had been tested by the Oregon State Police Crime Laboratory. The trial court ruled that the officers could testify about the items that they had observed, but the court did not allow them to opine that any substance found on those objects was, in fact, methamphetamine. The court explained:

> "Well, trust me on this. I will disregard any indication that crystaline substance is anything other than sugar, baking soda, meth, cocaine, whatever, it was not tested. They can't give an opinion of what it is. They can simply state what their observation is, but I will not—I cannot take into consideration whether they were drugs if they weren't tested."

Defendant waived his right to a jury trial, and the case was tried to the court. Defendant's theory at trial was that the methamphetamine that the police found was not his but, instead, belonged to his nephew, who also lived in the same residence. The trial court found defendant guilty of the

charged offense, and defendant appeals from the ensuing judgment of conviction.

We first consider the state's argument that the admission of the crime laboratory report was harmless under the Oregon Constitution. We will affirm a judgment of conviction notwithstanding the erroneous admission of evidence if there is little likelihood that the admission of the evidence affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). As the court explained in *Davis*, the correct focus of that inquiry "is on the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *Id.* As an initial step, the court determines the particular evidentiary issue that is subject to harmless error analysis. *C.f. State v. Cook*, 340 Or 530, 544-45, 135 P3d 260 (2006) (applying that process in the context of a federal harmlessness analysis). After identifying the pertinent issue, the court considers the nature of the erroneously admitted evidence in the context of other evidence on the same issue. *See State v. Gibson*, 338 Or 560, 576-77, 113 P3d 423, *cert den*, 546 US 1044 (2005) (pursuing that inquiry). That consideration involves the assessment of any differences between the quality of the erroneously admitted evidence and other evidence admitted on the same issue. *Davis*, 336 Or at 33-34 (focusing on whether the finder of fact would have regarded the evidence as duplicative, cumulative, or unhelpful in its deliberations). In addition, in determining the possible influence of the error on the verdict, we consider the importance of the erroneously admitted evidence to a party's theory of the case. *Id.* at 34 ("[T]he excluded evidence goes directly to the heart of defendant's factual theory of the case."); *State v. Perkins*, 221 Or App 136, 145, 188 P3d 482 (2008) (declining to find harmlessness where erroneously admitted evidence went "directly to the heart of [the state's] factual theory of the case") (quoting *Davis*, 336 Or at 34). "If erroneously admitted evidence relates to a 'central factual issue' to the case, it is more likely to have affected the determination than if it dealt with a tangential issue." *State v. Roller*, 201 Or App 166, 173, 118 P3d 804 (2005).

In this case, the crime laboratory report was offered to prove an element of the charged offense, namely, that the

pertinent substance was a Schedule II controlled substance. *Former* ORS 475.992(4)(b) (2003), *renumbered as* ORS 475.840(3)(b) (2005). Thus, in the abstract, the evidence was pertinent to a fundamental issue in the case. Nevertheless, the court also received other evidence on the same issue: the officers field tested the substance, presumptively identifying it as methamphetamine; the officers observed paraphernalia consistent with methamphetamine use; and, most important, the court received evidence through an officer's testimony that defendant had admitted that the pertinent substance was, in fact, methamphetamine.

In ruling on defendant's pretrial motion, the trial court discounted the value of the officers' visual observations and the presence of drug paraphernalia at defendant's residence as proof of the identity of the pertinent substance. Moreover, the court stated that it could not "take into consideration whether they were drugs if they weren't tested." However, at that point the court had not heard evidence that defendant had admitted that the substance was methamphetamine or that the officers had corroborated that admission by field testing the substance. Defendant's admission, coupled with the field test, may not have had the same scientific" quality as the erroneously admitted laboratory report; in that sense, those items of evidence were qualitatively different from the report. Nevertheless, defendant's admission, in particular, was of significant persuasive value. Moreover, and in any event, any difference in the quality of the evidence was not significant in the overall context of the case, because the erroneously admitted evidence was not central to either party's theory of the case. Defendant's theory of the case was that the substance belonged to someone else and that he did not possess it. The state's theory, in turn, also focused on the issue of defendant's possession of the substance.

We considered a similar problem in *State v. Willis*, 219 Or App 268, 182 P3d 891 (2008), where the charged offense was unlawful delivery of a controlled substance. In that case, a police officer testified without objection that he recognized the pertinent substance as marijuana. The defendant did not cross-examine the officer on that testimony, and

the "defendant did not contest that [the substance was] marijuana other than to put the state to its *prima facie* burden of proof." *Id.* at 273. Moreover, at trial, the primary contested issue was whether the defendant or his son sold the marijuana, not whether the substance was marijuana. In light of all the evidence at trial, we concluded that the erroneous admission, in violation of the defendant's confrontation rights, of a laboratory report identifying the substance as marijuana was harmless. *Id.* at 274.

■ Defendant argues that *Willis* was incorrectly decided. Defendant asserts:

> "[T]he court's reliance on the fact that the defendant [in *Willis*] did not aggressively challenge the identity of the substance ignores the fact that the state bears the burden of proof in a criminal case. The fact that the defendant did not expressly concede the identity of the substance at trial means that the defendant chose to hold the state to its burden of proof, and that the issue was 'contested.' It was an element that the state was required to prove. Consequently, the question is whether the factfinder likely would have reached the same conclusion regarding that element if the contested evidence (the laboratory report) had not been presented."

Defendant fairly observes that, in the absence of a stipulation, the state always has the burden of proving each element of a criminal offense, whether or not the defendant "aggressively" disputes the state's evidence with respect to a particular element. However, if that point were dispositive in a harmless error inquiry, it would be difficult to imagine that evidentiary error ever could be deemed harmless in a criminal trial in the absence of a defense stipulation that an element was proved. Framed properly, the pertinent inquiry does not focus on whether the evidence was adduced to prove an element on which the state had the burden of proof; rather, it assesses the nature of the erroneously admitted evidence in the context of other evidence on the same issue and the theories on which the case was tried. *Davis*, 336 Or at 33-34.

As discussed, apart from his motion to exclude the crime laboratory report from evidence, defendant did nothing

to alert the trier of fact that the pertinent substance may have been anything other than methamphetamine. Instead, the parties squared off at trial over the issue whether defendant *possessed* a controlled substance, not over the *identity* of the substance. In the overall context of the case, including defendant's admission that the substance was methamphetamine, there is little likelihood that the admission of the report affected the court's verdict, and the error was harmless under Article I, section 11, of the Oregon Constitution.

The admission of the evidence also was harmless under the Sixth Amendment to the United States Constitution because we conclude beyond a reasonable doubt that the error did not contribute to the court's verdict. The corroborating evidence, especially defendant's admission that the substance was methamphetamine, was uncontradicted and compelling on the record in this case. *See Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (stating federal harmlessness standard); *see also State v. Ennis*, 212 Or App 240, 262, 158 P3d 510, *rev den*, 343 Or 223 (2007) in determining whether an evidentiary error is harmless under the Sixth Amendment, we consider "the importance of the evidence, whether the evidence was cumulative, the presence or absence of evidence corroborating or contradicting the evidence, and the overall strength of the prosecution's case").

Affirmed.