Submitted June 13, affirmed December 3, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON MICHAEL NEWSOME,
*Defendant-Appellant.*

Multnomah County Circuit Court
051136720; A131520

197 P3d 559

Andrew S. Chilton filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction for delivery of marijuana for consideration, ORS 475.860, and assigns error to the trial court's admission into evidence of a state crime laboratory report identifying the substance as marijuana. Specifically, defendant argues that the admission of the state crime laboratory report was error because the report contained only a "bare conclusion that the material was marijuana" and did not identify the tests performed on the substance to confirm that it was marijuana. Defendant also raises a supplemental, and unpreserved, assignment of error, arguing that the trial court's admission of the crime laboratory report without producing the author of the report violated defendant's right to confrontation under Article I, section 11, of the Oregon Constitution.[1] *See State v. Birchfield,* 342 Or 624, 157 P3d 216 (2007). The state argues that any error in the admission of the crime laboratory report was harmless because a police officer field-tested the substance and confirmed that it was marijuana. We agree with the state and affirm.

As part of an "undercover drug spotting mission" in downtown Portland, Portland Police Officers Lindsey and Simon observed a man, Giffin, approach and contact a number of people. Lindsey used binoculars and watched Giffin from a maximum distance of 40 yards. Giffin appeared to speak briefly to each person he approached, each of whom shook their head from side to side and walked away. Lindsey next saw Giffin approach defendant. Again, Giffin appeared to speak to defendant, who responded by nodding his head up and down. With the aid of binoculars, Lindsey saw defendant remove a small plastic bag that contained a green substance from his pocket. Defendant handed the bag to Giffin, who accepted the bag, held it up to his nose, and appeared to "smell[ ] it, observing it very closely." Giffin retained the plastic bag and handed what appeared to be paper currency to defendant.

---

[1] Article I, section 11, of the Oregon Constitution provides that, "[i]n all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face[.]"

Lindsey alerted the other police officers that he had witnessed a drug deal, and included descriptions of both defendant and Giffin. Approximately 20 seconds later, Police Officer Hubbard caught up with defendant and Giffin. When Hubbard approached, defendant ran away. Defendant was apprehended shortly thereafter and arrested for delivery of marijuana.

In the meantime, Hubbard remained with Giffin and told him that he had been seen buying marijuana. Giffin handed Hubbard a plastic bag containing what Hubbard believed to be marijuana. Hubbard performed a field test that confirmed that the green substance in the plastic bag was marijuana. The state later had the substance tested by the crime laboratory and sought to admit into evidence the report of that testing.

Defendant challenges the admission of the crime laboratory report on two grounds: (1) that the report does not meet the statutory requirement of an "analytical report" within the meaning of ORS 475.235(4) (2005), *amended by* Or Laws 2007, ch 636, § 2;[2] and (2) that, under *Birchfield*, the admission of the report, without the state making the criminalist who authored the report available for cross-examination or establishing the criminalist's unavailability, violated defendant's confrontation rights under Article I, section 11, and that that was error apparent on the face of the record. Because the state's harmless error argument is dispositive of both assignments of error, we do not separately address each assignment of error.

Prior to trial, defendant moved to exclude the crime laboratory report because it did not indicate the analytical tests performed; rather, the report merely stated the conclusion that the substance was marijuana.[3] The trial court

---

[2] ORS 475.235(4) (2005) provided:

"In all prosecutions in which an analysis of a controlled substance or sample was conducted, a certified copy of the *analytical* report signed by the director of a state police forensic laboratory or the analyst or forensic scientist conducting the analysis shall be accepted as prima facie evidence of the results of the *analytical* findings."

(Emphasis added.)

[3] Defendant also challenged the constitutionality of ORS 475.235(4) (2005) under the federal constitution, citing *Crawford v. Washington*, 541 US 36, 124 S Ct

denied the motion. Defendant waived his right to a jury trial, and the case was tried to the court. Pertinent to this appeal, defendant objected to the police officer's testimony regarding the field test of the marijuana and the result of the field test. The court overruled defendant's objection to the police officer's testimony. The trial court found defendant guilty of the charged offense.

Assuming without deciding that the trial court erred in admitting the crime laboratory report, we turn to the state's argument that admission of the laboratory report was harmless error. We must affirm defendant's conviction, notwithstanding any evidentiary error, if there is little likelihood that the error affected the conviction. Or Const, Art VII (Amended), § 3;[4] *State v. Gibson*, 338 Or 560, 576, 113 P3d 423, *cert den*, 546 US 1044 (2005).

Three decisions inform our analysis of that issue: *State v. Maiden*, 222 Or App 9, 191 P3d 803 (2008); *State v. Willis*, 219 Or App 268, 182 P3d 891 (2008); and *State v. Choin*, 218 Or App 333, 179 P3d 743 (2008). In all three cases, the defendant challenged the admission of a crime laboratory report where the author of the report did not testify at trial.

In *Maiden*, the defendant argued that the methamphetamine belonged to someone else. In considering the state's argument that the admission of the laboratory report was harmless error, we noted that a police officer field-tested the substance and that the defendant admitted that the substance was methamphetamine, but argued that the methamphetamine was not his. 222 Or App at 14. We concluded that, given "the overall context of the case, including defendant's admission that the substance was methamphetamine, there is little likelihood that the admission of the report affected the court's verdict, and the error was harmless[.]" *Id.* at 16.

---

1354, 158 L Ed 2d 177 (2004). However, defendant expressly does not renew that argument on appeal.

[4] Article VII (Amended), section 3, provides, in part, that, if the court determines, "after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"

The second case, *Willis*, is similar. There, the defendant argued that the defendant's son and not the defendant had sold the marijuana. The primary issue at trial, therefore, was who had sold the marijuana. Nonetheless, the defendant argued that the admission of the crime laboratory report without the accompanying testimony of the criminalist who prepared the report was plain error under *Birchfield*. The state, while conceding error, argued that any error was harmless. Because the defendant had not disputed the identification of the substance at trial, we agreed. *Willis*, 219 Or App at 273-74.

The third case, *Choin*, is different. There, the defendant challenged his convictions for attempted delivery and for possession of a controlled substance, advancing a *Birchfield*-based argument. In *Choin*, we exercised our discretion to correct the defendant's unpreserved error as to only his conviction for attempted delivery, because that was the only conviction that relied directly on the contents of the crime laboratory report. The defendant argued that there was no attempted delivery, because he intended to personally use all of the methamphetamine. The state argued that the defendant's theory—that the defendant intended only personal use of the methamphetamine—was not credible due to the amount of methamphetamine involved. The state's theory, therefore, went directly to the contents of the laboratory report, *viz.*, the quantity of methamphetamine seized, and for that reason the error was not harmless. *Choin*, 218 Or App at 337.

In all three cases, we considered the likelihood that the error affected the verdict in light of the defendant's arguments at trial and the other evidence that was admitted. In *Maiden* and *Willis*, the dispute at trial centered on who possessed the controlled substance and not what the substance was. In each of those cases, the admission of the crime laboratory report therefore was harmless, and we affirmed the convictions. In *Choin*, because the disputed issue was the quantity of the controlled substance and the crime laboratory report was the only evidence on that issue, we could not conclude that the admission of the report had little likelihood to affect the conviction and, accordingly, we reversed the defendant's conviction for attempted delivery.

In this case, the primary issues in dispute at trial, as framed by defendant's counsel, were whether there was any consideration involved in the exchange and whether defendant was the person whom Lindsey observed interacting with Giffin. Defendant's motion to exclude the crime laboratory report from evidence notwithstanding, defendant did nothing to alert the court that the substance may have been anything other than marijuana and, at trial, defendant did not argue that the substance was something other than marijuana. Besides the crime laboratory report, there was additional evidence that the substance was marijuana. Specifically, Hubbard's field test confirmed that the substance was marijuana.

In light of all of the evidence at trial, there is little likelihood that the admission of the crime laboratory report affected the court's verdict and, therefore, any error was harmless under Article I, section 11, of the Oregon Constitution.

Affirmed.