Submitted February 24, affirmed August 5, 2009,
petition for review allowed January 21, 2010 (347 Or 533)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANA JO WILLIS,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH060180; A134794

213 P3d 1286

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Barron, Judge pro tempore.*

BARRON, J. pro tempore.

---

* Barron, J. pro tempore, *vice* Wollheim, J.

**BARRON, J. pro tempore**

Defendant appeals her conviction for possession of methamphetamine after a jury trial. She argues that the admission, over her objection, of an Oregon State Police crime laboratory report without producing the author of the report violated her right to confront and cross-examine witnesses under the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution.[1] We affirm.

The following facts are supported by evidence in the record. *See State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993); *State v. Silva*, 170 Or App 440, 442, 13 P3d 143 (2000) (factual findings consistent with trial court's ultimate conclusion are binding on appellate court if there is constitutionally sufficient evidence in the record to support them). On October 17, 2005, Officer Washburn of the Hermiston Police Department went to a convenience store to investigate a report that some people had not paid for food that they had eaten. Upon arrival, Washburn saw defendant and two other people at the store and, after a brief encounter, arrested defendant for disorderly conduct. After advising defendant of her *Miranda* rights and before taking her to the police station, Washburn asked defendant if she had any contraband. Defendant briefly hesitated and then said, "Yes, she had some stuff." Washburn removed defendant's handcuffs in the presence of another officer. Defendant reached under her sweatshirt and into her bra and pulled out a vial and a bindle of marijuana. It appeared to Washburn that the vial was a Chanel perfume container; however, Washburn had not seen perfume in the crusted and dried form that he saw in the vial, and it was his belief, "not absolute," that the vial contained crystal methamphetamine. The laboratory report later identified the contents of the vial as methamphetamine. Defendant sought to exclude the laboratory report, asserting that the admission of the report without also producing its author

---

[1] The Sixth Amendment provides, in part: "In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face * * *."

Article I, section 11, provides, in part: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

violated her Sixth Amendment right to confront witnesses. The trial court admitted the report over defendant's objection.

Washburn testified at trial that he recognized the substance in the vial as methamphetamine. At the time of the trial, Washburn had been a police officer for 14 years and had had extensive training as a drug recognition expert and training relating to drug-impaired drivers and methamphetamine labs. Most of the training pertained to methamphetamine. In 1998 and 1999, when he was with the Hillsboro Police Department, Washburn had received awards for making the most arrests in the State of Oregon for drug-impaired driving.

Defendant attempted to impeach Washburn's credibility by questioning him about a prior investigation concerning Washburn's alleged untruthfulness in one case while he was with the Hillsboro Police Department. Washburn testified that he had been exonerated of any wrongdoing.

On appeal, defendant argues that, under *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), admission of the laboratory report without producing the author of the report was plain error under Article I, section 11, and that we should exercise our discretion to correct the error even though defendant's objection at trial was based only on the Sixth Amendment. The state concedes that the error is plain under the state constitution, but it contends that we should not exercise our discretion to correct it, because the admission of the report was harmless. The state does not concede error under the Sixth Amendment, but asserts that, if there was error, it too was harmless.

■ In *Birchfield*, the Supreme Court held that it was error under Article I, section 11, to allow a laboratory report in evidence under ORS 475.235(4) and (5) (2005), *amended by* Or Laws 2007, ch 636, § 1,[2] without also producing the author

---

[2] ORS 475.235 (2005) provided, in part:

"(4) In all prosecutions in which an analysis of a controlled substance or sample was conducted, a certified copy of the analytical report signed by the director of a state police forensic laboratory or the analyst or forensic scientist conducting the analysis shall be accepted as prima facie evidence of the results of the analytical findings.

of the report, because it impermissibly shifted the burden to produce witnesses to the defendant.[3] The court did not reach the question of whether the admission of such a report also violated the Sixth Amendment. Based on *Birchfield*, we held on reconsideration in *State v. Marroquin*, 215 Or App 330, 168 P3d 1246 (2007), that admission of a laboratory report in evidence without producing the author of the report was plain error under Article I, section 11. We exercised our discretion to correct the error and reversed the defendant's convictions on several drug offenses. *See also State v. Wells*, 215 Or App 488, 169 P3d 1278 (2007).

■ In *Melendez-Diaz v. Massachusetts*, ___ US ___ , 129 S Ct 2527, 2542, 174 L Ed 2d 314 (2009), the United States Supreme Court recently decided that a Massachusetts statute very similar to ORS 475.235 (2005) was unconstitutional under the Sixth Amendment. We apply the law as it exists at the time of the appeal. *State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002). Thus, the trial court's ruling was also error under the federal constitution.

In any event, we still must decide whether the error was harmless, which the Court in *Melendez-Diaz* recognized:

"(5) Notwithstanding any statute or rule to the contrary, the defendant may subpoena the analyst or forensic scientist to testify at the preliminary hearing and trial of the issue at no cost to the defendant."

[3] In a case preceding *Birchfield*, we held that laboratory reports were testimonial evidence as described in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). *State v. Miller*, 208 Or App 424, 144 P3d 1052, *adh'd to on recons*, 210 Or App 176, 149 P3d 1251 (2006). In doing so, we discussed ORS 475.235 (2005) and stated:

"Defendant suggests that ORS 475.235, which requires a defendant to affirmatively elect to have the state put on testimony by the criminalist in order to secure the opportunity to cross-examine the authors of lab reports, impermissibly imparts a 'presumption of reliability' as to the reports, and thus violates the Sixth Amendment. We find nothing in *Crawford*, nor in the later [*Davis v. Washington/Hammon v. Indiana*, 547 US 813, 126 S Ct 2266, 165 L Ed 2d 224 (2006)], that calls into question the Oregon Supreme Court's conclusion in [*State v.*] *Hancock*[, 317 Or 5, 854 P2d 926 (1993),] that the exercise of rights under the Confrontation Clause may be premised on a defendant following 'reasonable procedures' to exercise those rights. In sum, *Hancock* remains controlling law. ORS 475.235, as interpreted and applied in *Hancock*, is constitutional."

*Id.* at 440.

> "We of course express no view as to whether the error was harmless. The Massachusetts Court of Appeals did not reach that question and we decline to address it in the first instance. *Cf. Coy v. Iowa*, 487 US 1012, 1021-1022, 108 S Ct 2798, 101 L Ed 2d 857 (1988). In connection with that determination, however, we disagree with the dissent's contention * * * that 'only an analyst's testimony suffices to prove [the] fact' that 'the substance is cocaine.' Today's opinion, while insisting upon retention of the confrontation requirement, in no way alters the type of evidence (including circumstantial evidence) sufficient to sustain a conviction."

____ US at ____ n 14, 129 S Ct at 2542 n 14.

█    Error in admitting evidence is harmless under the state constitution if there is little likelihood that the admission of the evidence affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). For error to be harmless under the federal constitution, it must be shown, beyond a reasonable doubt, that the error did not contribute to the jury's verdict. *Chapman v. California*, 386 US 18, 23, 87 S Ct 824, 17 L Ed 2d 705 (1967). Such analysis is applicable to cases involving violation of the Confrontation Clause. *See Delaware v. Van Arsdall*, 475 US 673, 106 S Ct 1431, 89 L Ed 2d 674 (1986); *State v. Cook*, 340 Or 530, 543-44, 135 P3d 260 (2006). The analysis requires consideration of "the importance of the evidence, whether the evidence was cumulative, the presence or absence of evidence corroborating or contradicting the evidence, and the overall strength of the prosecution's case." *State v. Ennis*, 212 Or App 240, 262, 158 P3d 510, *rev den*, 343 Or 223 (2007) (citing *Van Arsdall*, 475 US at 684; *Cook*, 340 Or at 544).

█    The state's theory in this case was that defendant knowingly possessed methamphetamine. Obviously, the state offered the crime laboratory report as evidence of an element of the offense, *i.e.*, the nature of the substance. However, there was other evidence as to the nature of the substance. Washburn, with 14 years' experience, including extensive training in drug recognition, recognized the contents of the vial as methamphetamine.[4] He testified that the

---

[4] It is true that Washburn testified that his belief was "not absolute" that the substance was methamphetamine, but absolute belief is not required. The

substance was hidden in defendant's bra and that she admitted that the substance was contraband. In light of that evidence, the crime laboratory report was not of paramount importance; it was cumulative of Washburn's testimony, which corroborated the nature of the substance. The state's case was strong. We conclude that the record establishes, beyond a reasonable doubt, that the error in admitting the report did not contribute to the jury's verdict, and we therefore conclude that the error was harmless under the federal constitution.

■    The same result obtains under Article I, section 11. We have had three recent cases in which we have determined there was harmless error under Article I, section 11, in the context of an erroneously admitted crime laboratory report: *State v. Newsome*, 224 Or App 273, 197 P3d 559 (2008); *State v. Maiden*, 222 Or App 9, 191 P3d 803 (2008), *rev den*, 345 Or 618 (2009); and *State v. Willis*, 219 Or App 268, 274 n 2, 182 P3d 891, *rev den*, 345 Or 416 (2008). In each case, as here, the laboratory report was offered by the state to establish an element of the offense—that the substance was contraband. A common thread among the cases was that the defense did not dispute the nature of the substance as methamphetamine.[5]

standard of proof that we must apply—proof beyond a reasonable doubt—is a high one and requires us to be satisfied "that the facts asserted are almost certainly true." *State v. Dameron*, 316 Or 448, 458, 853 P2d 1285 (1993). However, proof need not be "absolute." *See State v. Glass*, 5 Or 73, 81-82 (1873) (court properly rejected defendant's requested instruction that state had to prove its case to an "absolute moral certainty" as excluding not only reasonable doubt, but all doubt); *State v. Weissenfluh*, 52 Or App 61, 64-65, 627 P2d 517, *rev den*, 291 Or 419 (1981) (trial court's finding that the defendant was "practically certain" that a bill was counterfeit, but not absolutely certain, applied the correct legal standard of proof for element of "knowledge" in offense of forgery).

[5] In *State v. Choin*, 218 Or App 333, 179 P3d 743 (2008), we exercised our discretion to correct plain error as to the admission of a lab report on a delivery of controlled substance charge but did not exercise our discretion on a possession charge. *Id.* at 337-38. The central question on the delivery charge was whether the defendant possessed the methamphetamine for personal use rather than for sale. The laboratory report went to the central issue of the quantity of the drug, a fact essential for the state to prove the offense of delivery. *Id.* at 337.

Similarly, in *State v. Idol*, 227 Or App 56, 204 P3d 830 (2009), we reversed the defendant's conviction for possession of a controlled substance arising out of a stipulated facts trial that effectively put the state to its burden of proof on all material elements of the charge while reserving the defendant's challenge to the admissibility of the laboratory report. As a result, we held that "the identity of the substance was central to the *only* defense presented by defendant." *Id.* at 62 (emphasis in original). This case is factually distinguishable from the circumstances in *Idol*

In this case, the situation is similar. As we said in *Maiden*, in assessing whether error was harmless, the pertinent inquiry is not whether the evidence was adduced to prove an element on which the state had the burden of proof. Rather, we assess the nature of the erroneously admitted evidence in the context of other evidence on the same issue and the theories on which the case was tried. *Maiden*, 222 Or App at 15.

Defendant's theory at trial was that she did not know that she possessed methamphetamine. She argued, in effect, that Washburn manufactured the evidence against her with the knowledge of the other officer, who also lied about seeing defendant remove the vial containing methamphetamine from her bra. Defendant's opening statement included the following remarks:

"This is a case about crystal methamphetamine. * * *

"Today's question is about—it's not merely about possession. Today's case is about knowing possession.

"Knowing possession not of a crystal vial—excuse me. Not knowing possession not of a vial, but knowing possession of what quantity of drug is in that vial. * * *

"Whether or not she knew at that time, at that time, on that date in time, that she was in possession of a controlled substance. * * *

"The question that will be posed to you at the end of the day is whether or not the State has proven beyond a reasonable doubt that [defendant] was in knowing possession of methamphetamine."

During closing argument, defendant's counsel made reference to the testimony of the officers and to the attempted impeachment of Washburn. He also referred to the laboratory report's failure to mention whether the results were certified or whether the proper procedures were followed, and he asked the jury to consider whether testing of the substance

because defense counsel explicitly acknowledged the identity of the controlled substance in his closing argument but argued, "What was taken from [defendant] at the Hermiston Safety Center eventually tested and confirmed to be methamphetamine. What we need to know is whether or not [defendant] knowingly possessed this methamphetamine? Where did it come from?"

was sufficient for them to determine that it was methamphetamine. But defense counsel then returned to the point made in his opening statement about "knowing" possession:

"It's [a case] about possession of a controlled substance, methamphetamine. What was taken from [defendant] at the Hermiston Safety Center, eventually tested and confirmed to be methamphetamine.

"What we need to know is whether or not [defendant] knowingly possessed this methamphetamine. Where did it come from? * * *

"We're here on the possession of a controlled substance. We have an arrest that we dispute the legality of. She gets taken back to the police station. But lo and behold, she has some meth on her.

"Ladies and gentlemen, we argue to you today that that did not come from [defendant]. That may have come from someone else."

Thus, aside from an undeveloped challenge in closing argument, defendant did not seriously dispute whether the substance in the vial was methamphetamine. Her primary defense was that she did not *knowingly* possess the contraband. The jury rejected defendant's theory and her attempt to impeach Washburn. In the overall context of the case, including Washburn's testimony that the vial, concealed in defendant's bra, contained methamphetamine and defendant's admission to Washburn that she had contraband, and in the absence of an attempt on defendant's part to contend that the contents of the vial was anything other than methamphetamine, *see Maiden*, 222 Or App at 15, we conclude that there is little likelihood that the admission of the report affected the jury's verdict, and that the error was harmless under Article I, section 11, of the Oregon Constitution. Accordingly, we decline to exercise our discretion to correct it.

Affirmed.