Argued and submitted May 9, convictions for unlawful delivery of methamphetamine, unlawful possession of methamphetamine, and tampering with physical evidence reversed and remanded; remanded for resentencing; otherwise affirmed July 30, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RANDY ALLAN COOK,
*Defendant-Appellant.*

Lane County Circuit Court
201122484; A151489

332 P3d 365

Kenneth A. Kreuscher argued the cause for appellant. With him on the brief was Portland Law Collective, LLP.

Randy Allan Cook filed the supplemental brief *pro se.*

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals a judgment of conviction for unlawful delivery of methamphetamine, ORS 475.890; unlawful possession of methamphetamine, ORS 475.894; interfering with a peace officer, ORS 162.247; and tampering with physical evidence, ORS 162.295. Defendant makes three assignments of error on appeal. First, he disputes the admission of hearsay evidence. Second, he contends that the hearsay evidence violates his confrontation rights under the Sixth Amendment of the United States Constitution. Third, he challenges the trial court's purported merger, "for sentencing purposes," of convictions for unlawful delivery of methamphetamine and unlawful possession of methamphetamine. *See State v. Mason,* 241 Or App 714, 718 n 4, 250 P3d 976 (2011) (observing that "the phrase 'merged for sentencing purposes' is a misnomer and should never be used because it improperly conflates two distinct parts of the criminal process"). The state concedes that the trial court erred in admitting the hearsay evidence but argues that the error was harmless. We conclude that the error was not harmless, and we reverse and remand on defendant's first assignment of error. We need not address defendant's second and third assignments.[1]

"[I]n our assessment of whether the erroneous admission of disputed evidence was harmless, we describe and review all pertinent portions of the record, not just those portions most favorable to the state." *State v. Maiden,* 222 Or App 9, 11, 191 P3d 803 (2008), *rev den,* 345 Or 618 (2009). We review to determine "the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *State v. Davis,* 336 Or 19, 32, 77 P3d 1111 (2003).

Defendant's convictions arose from a routine traffic stop. Defendant was driving, and his girlfriend, Buchanan, was in the passenger seat when Deputy Speldrich signaled defendant to pull over. Officer Thomsen arrived to assist Speldrich with the stop. Thomsen discovered that defendant

---

[1] Because the assigned errors do not pertain to defendant's conviction for interfering with a peace officer, that conviction is not at issue.

had a warrant for his arrest. Thomsen instructed defendant to get out of the car, but defendant refused. Defendant rolled up the car's windows. According to Speldrich, defendant took a plastic bag from his lap, containing what Speldrich believed to be methamphetamine, and gave it to his passenger, Buchanan.[2] Buchanan stuffed the bag into her pants. When defendant and Buchanan refused to open the car window or door, Speldrich smashed the passenger-side window with his asp baton. They were then removed from the car and patted down.

During the officers' subsequent search of the car, Thomsen found a digital scale disguised as a cell phone, lithium batteries consistent with the batteries powering the scale, a wad of loose cash on the driver's side floorboard, some small empty plastic baggies, and a metal mint tin containing "cut," a substance used to bulk up a drug's volume before its sale. Defendant denied possessing any controlled substances and told Thomsen that he had only handed Buchanan money while in the car. A bag of methamphetamine, weighing 24.68 grams, was recovered from Buchanan at the jail.

Defendant was charged with unlawful delivery of methamphetamine,[3] unlawful possession of methamphetamine, interfering with a peace officer, and tampering with physical evidence. At trial, defendant's theory of defense was that the methamphetamine belonged to Buchanan and that he had no knowledge of the drug. Defendant testified that Buchanan struggled with drug addiction, and, except for some "relapses," he had been drug-free for the past six years. Defendant described other items found in the car—the scale and small empty baggies—as Buchanan's jewelry-making things, but he did not explain the mint tin containing "cut." A witness testified that defendant had admitted that the scale found in the car belonged to him.

The state tried the case on the theory that the methamphetamine belonged to defendant. During Speldrich's

---

[2] Speldrich saw "crystalline powder" that looked like methamphetamine inside the bag that defendant "handed off" to Buchanan.

[3] The count for unlawful delivery of methamphetamine was charged as a commercial drug offense, ORS 475.900.

direct testimony, he described a conversation he had with Buchanan after her arrest. Defense counsel timely objected that the statements were inadmissible hearsay. Defense counsel indicated that he was making "a continued objection for the sense that it's hearsay" to "[e]verything [Speldrich] says about *** Buchanan[.]" The trial court overruled the objection, and Speldrich testified that Buchanan "originally *** said that the bag was hers *** [a]nd then she admitted that it was [defendant's]." The trial court did not offer a limiting instruction as to the nature of those statements, and Buchanan did not testify at defendant's trial. The trial court also admitted partial recordings of defendant's phone conversations with Buchanan and defendant's family members. Those conversations included Buchanan's suggestive but vague statement that she was "taking" charges for defendant and defendant's admonishment that Buchanan should not "go against" him despite police pressure to do so. The jury found defendant guilty of all four counts.

On appeal, defendant argues that the trial court erroneously admitted hearsay evidence and that the error likely affected the outcome of the verdict. The state concedes the error but responds that it was harmless. The state argues that Buchanan's other pretrial statements undercut her credibility so as to make her statement to Speldrich of little persuasive value. The state stresses other evidence, including defendant's admission that the scale was his.

The Oregon Evidence Code defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). Unless an exception applies, hearsay is not admissible. OEC 802. A trial court's erroneous admission of evidence, however, does not always require reversal. *See Davis*, 336 Or at 32; Or Const, Art VII (Amended), § 3 (if "the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed notwithstanding any error committed during the trial"). Evidentiary error is not presumptively prejudicial. OEC 103(1); *State v. Morgan*, 251 Or App 99, 108, 284 P3d 496 (2012).

The question here is whether "there [is] little likelihood that the particular error affected the verdict." *Davis*,

336 Or at 32. The focus of the inquiry is "on the possible influence of the error on the verdict rendered[.]" *Id.* "That inquiry requires us to examine the nature of the error that occurred * * * and the context of that error. If the particular issue to which the error pertains has no relationship to the jury's determination of its verdict, then there is little likelihood that the error affected the verdict." *State v. Gibson,* 338 Or 560, 576, 113 P3d 423 (2005) (internal citation omitted). We must consider the totality of the circumstances to decide whether the trial court's error meets that standard. *See State v. Kitzman,* 323 Or 589, 613-15, 920 P2d 134 (1996) (discussing several factors).

This court has emphasized that reversal is required where "erroneously admitted statements were both qualitatively different than the evidence that the jury heard, and were presented to the jury as bearing directly on the central issues in the case, *viz.,* defendant's * * * general credibility." *State v. Painter,* 255 Or App 513, 523, 300 P3d 179 (2013) (citing *Davis,* 336 Or at 34) (internal quotation marks omitted)). Erroneously admitted evidence is less likely to be harmless if it pertains to the "heart" of the state's "factual theory of the case." *Id.*

This case reduces to a dispute between defendant's and Speldrich's account of events.[4] Speldrich testified that he saw defendant reach into his lap and hand Buchanan a bag of methamphetamine. The state did not present any other direct evidence that defendant had possession and knowledge of the drugs, although it did present circumstantial evidence of drug-related activity: the scale, the empty baggies, and the tin containing "cut." Defendant provided a contrary account when testifying that he had only handed Buchanan cash, that the drugs belonged to Buchanan, that the scale and empty baggies had an innocent explanation, and that defendant (unlike Buchanan) did not have an ongoing problem with methamphetamine use. Given that the erroneously admitted evidence was central to the parties' theories of the case and bore directly on defendant's credibility, we cannot say that there was "little likelihood" that the

---

[4] The recorded phone conversations did not resolve that factual dispute by providing unambiguous evidence of guilt.

evidence affected the jury's verdict. The erroneous admission of Buchanan's hearsay statement was not harmless.

Convictions for unlawful delivery of methamphetamine, unlawful possession of methamphetamine, and tampering with physical evidence reversed and remanded; remanded for resentencing; otherwise affirmed.