ORTEGA, P. J.
*206 Defendant seeks reversal of a judgment of conviction for one count of felon in possession of a firearm, ORS 166.270, and a judgment revoking his probation. He assigns error to the trial court's denial of his motion to exclude a witness's out-of-court identification. We conclude that we need not decide if the trial court erred in admitting the identification evidence because, on this record, any error in admitting the evidence was harmless. Accordingly, we affirm.
"In reviewing a trial court's admission of eyewitness identification evidence, we defer to the court's findings of fact as long as they are supported by any evidence in the record." State v. Engle , 278 Or. App. 54, 55, 373 P.3d 1191, rev. den. , 360 Or. 465, 384 P.3d 154 (2016). And, in our assessment of whether the admission of the identification evidence was harmless, "we describe and review all pertinent portions of the record, not just those portions most favorable to the state." State v. Maiden , 222 Or. App. 9, 11, 191 P.3d 803 (2008), rev. den. , 345 Or. 618, 201 P.3d 909 (2009).
After two men pistol-whipped a victim and stole his Acura and most of his personal belongings, the victim called 9-1-1 to report the incident. Officer Townley responded to the call. The victim described one of the men, whom he knew as "Babyface," as a black male, around five feet 11 inches tall and weighing about 160 pounds, but could only describe the other person as a black male in his twenties. Townley related that information and a description of the Acura to other officers over radio.
Officer Wilbon responded by pursuing a car that he first thought was the Acura, but then realized it was a Lincoln carrying four or five young black men. Wilbon followed the Lincoln but lost sight of it; he later found it crashed and noticed three of the men fleeing, including defendant. The three men were detained, and another officer searched the Lincoln and found most of the victim's property, two loaded handguns, and a cellphone with defendant's fingerprints on it.
*207 About two hours after the men were detained, Townley took the victim to three separate showups[1] to identify the men who had beaten and robbed him. In the course of those showups, the victim stated that he was "eight out of ten" sure that defendant was involved in the robbery because he "recognize[d] his face." Defendant was ultimately charged with several counts of robbery, assault, kidnapping, unauthorized use of a vehicle, and felon in possession of a firearm.
Defendant moved to exclude the identification evidence before trial on several grounds, but the court denied his motion and the case proceeded to trial. The jury found him guilty only on one count of felon in possession of a firearm and further concluded that defendant did not "use or threaten the use of a firearm during the commission of this felony."
On appeal, defendant reprises his challenges to the identification evidence. However, if there is "little likelihood that the error affected the verdict," we will affirm the *1095 judgment. State v. Davis , 336 Or. 19, 32, 77 P.3d 1111 (2003). Here, defendant's conviction for felon in possession of a firearm did not depend on the identification evidence. The evidence established that the Lincoln contained two loaded handguns and a cellphone with defendant's fingerprints on it and that defendant had been in the car before fleeing. Therefore, under those circumstances, even assuming that the identification evidence was erroneously admitted, the evidence was unlikely to have affected the verdict for his conviction for felon in possession of a firearm,[2] and the judgment must be affirmed.
Affirmed.

"A 'showup' is a procedure in which police officers present an eyewitness with a single suspect for identification, often (but not necessarily) conducted in the field shortly after a crime has taken place." State v. Lawson/James , 352 Or. 724, 783, 291 P.3d 673 (2012).

Defendant does not challenge the sufficiency of the evidence to connect him with the firearms in the Lincoln, which appeared to be the subject of his motions for a judgment of acquittal and a new trial below; accordingly, the trial court's denial of that motion is not before us on appeal.