Submitted December 8, 2009, affirmed September 1, petition for review denied
November 10, 2010 (349 Or 245)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JASON DANIEL McNEELY,
*Defendant-Appellant.*

Lincoln County Circuit Court
075431; A138283

238 P3d 1010

Erin K. Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Sercombe, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was charged with possession of methamphetamine, based on laboratory testing of residue found on items seized by police from the house where he had been staying. At trial, defendant's theory was that the items found at the house belonged to someone else. The state introduced a lab report on the residue without calling the criminalist who prepared it to testify. Defendant did not object to the admission of the report and did not challenge the report's conclusion that the residue was methamphetamine. Defendant was convicted, and he now appeals the conviction, asserting that, under *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), the admission of the report without the criminalist's testimony was a violation of both his state and federal constitutional rights to confrontation. He acknowledges that his claim of error was not preserved, but contends that the error is apparent on the face of the record and that we should exercise our discretion to review it.

The state contends that, under *State v. Raney*, 217 Or App 470, 175 P3d 1024, *rev den*, 344 Or 671 (2008), any error in admitting the lab report is not reviewable because it does not qualify as "plain error." The state acknowledges that we reached a contrary conclusion in *State v. Choin*, 218 Or App 333, 179 P3d 743 (2008), but it argues that *Choin* cannot be reconciled with *Raney* and was wrongly decided. We affirm, writing only to address the state's contention that *Raney* and *Choin* cannot be reconciled.

In *Birchfield*, the Supreme Court held that the admission of lab reports without the criminalist's testimony, over the objection of the defendant, is error and a violation of the defendant's state constitutional right to confrontation. In this case, however, defendant did not object. The question is whether we may nevertheless reach the matter as one of "plain error." ORAP 5.45(1).

Determining whether an unpreserved claim of error requires reversal entails a two-step process: First, the question is whether any error was "plain," that is, whether it was an error of law that is obvious, not reasonably in dispute, and apparent on the face of the record. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). Second, if the error qualifies as

"plain," the question is whether the court should exercise its discretion to review the error. *Id.*

In *Raney*, we held—in circumstances not unlike those in this case—that the admission of the lab report in the absence of an objection was not plain error. We explained that, when the defendant does not challenge the identification of the substance and does not object to the admission of the lab report, competing reasonable inferences are available as to whether the admission of the report was error. One of those inferences is that the defendant consciously chose not to object to the admission of the lab report, in which case, the admission of the report was not error. The other inference is that the trial court erred in admitting the report in violation of the defendant's confrontation rights. 217 Or App at 473-74. We held in *Raney* that, because we would be forced to choose between competing inferences to determine that the error was plain, the error was not one appearing on the face of the record as required by ORAP 5.45(1).

After *Raney*, we decided *Choin*. In that case, the defendant, who was convicted of possession of a controlled substance, *had objected* to the admission of the lab report on the ground that it was hearsay, but had not invoked Article I, section 11, of the Oregon Constitution, or contended that admission of the report without the testimony of the criminalist was a violation of his federal confrontation rights. 218 Or App at 336. Because, unlike in *Raney*, the defendant had objected to the admission of the report, there was no reasonable inference available in *Choin* that the defendant had intentionally chosen not to object to the admission of the report. Thus, there were no competing inferences from which the court was required to choose to determine whether the admission of the report was error. We held that the admission of the report without the testimony of the criminalist who had prepared it was error apparent on the face of the record. *Id.* at 335; *see also State v. Marroquin*, 215 Or App 330, 335-36, 168 P3d 1246 (2007) (holding that error is plain under *Birchfield* where the defendant challenged admission of report as violation of Sixth Amendment right to confrontation, but failed to preserve claim that admitting report without requiring state to produce criminalist was violation of state constitutional confrontation right).

In *Choin*, we also concluded that, although the error was plain, it was not appropriate for us to exercise our discretion to review the error. We explained that, when the defendant has not challenged the nature of the substance as identified in the lab report, we will decline to exercise our discretion to correct the trial court's unpreserved error in admitting the report. 218 Or App at 338.

Following *Choin*, the Supreme Court decided *State v. Willis*, 348 Or 566, 236 P3d 714 (2010). In that case, the question was whether the admission of a laboratory report without supporting testimony from the criminalist who prepared it in violation of *Birchfield* was harmless error, because the defendant had failed to challenge the contents of the lab report. The court held that, because a defendant bears no burden of persuasion in a criminal proceeding, the fact that the defendant in that case did not contest the lab report did not, by itself, mean that any error in admitting the report was harmless. *Willis*, 348 Or at 571.

Arguably, our opinion in *Choin* now stands in some tension with the Supreme Court's decision in *Willis*. But we need not resolve any such tension in this case, because this case is clearly controlled by *Raney* and is readily distinguishable from *Choin*.

The former involved a defendant who did not object at all; in that case, we found no plain error. In the latter, the defendant did object, but, because he had not challenged the substance of the report, we decided not to exercise our discretion to review any error in admitting the report.

In this case, as in *Raney*, defendant did not object at all. Accordingly, as in *Raney*, a reasonable inference can be made that defendant chose not to assert that the admission of the lab report violated his constitutional confrontation rights, in which case, its admission would not have been error. As in *Raney*, therefore, in this case, the admission of the report without the criminalist's testimony was not plain error.

Affirmed.