Argued and submitted December 20, 2010, reversed June 29, respondent's
petition for reconsideration filed July 13 allowed by opinion August 31, 2011
See 245 Or App 292, 267 P3d 853 (2011)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ARMOND RAMOAN HARPER,**
*Defendant-Appellant.*

Multnomah County Circuit Court
080833771; A141919

260 P3d 596

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras argued the cause for respondent. On the brief were John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Shannon A. Terry, Assistant Attorney General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals from his conviction for first-degree theft by receiving. ORS 164.095. Defendant asserts that the trial court erred by admitting hearsay evidence to prove that the computer that defendant had attempted to sell to an undercover police officer had been the subject of theft and that defendant knew, or had good reason to know, that the computer had been the subject of theft. The state concedes that the trial court erred by admitting that evidence. The state's concession is well founded, and we accept it. The state nonetheless argues that the error does not require reversal because, in light of other evidence in the record, there is little likelihood that the error affected the verdict. We disagree and therefore reverse.

Because defendant was convicted by the court, we state the facts in the light most favorable to the state, except when we evaluate whether the erroneous admission of evidence was harmless; for the latter purpose, we "review all pertinent portions of the record, not just those portions most favorable to the state." *State v. Maiden*, 222 Or App 9, 11, 191 P3d 803 (2008), *rev den*, 345 Or 618 (2009). Clackamas County detective Kennell received a call from a woman, Jones, who had seen an advertisement on an Internet classifieds site for a laptop computer that was for sale for $1,200. Jones called Kennell because she believed that the laptop might be one that she had recently reported stolen. Another detective, Link, contacted the seller—defendant—through the anonymous e-mail address attached to the ad. Link arranged to meet defendant that afternoon in the parking lot of a store in Portland. When Link met defendant in the parking lot, Link turned on the laptop, and the name "Quinn Morgan Shields" appeared.[1] Defendant initially told Link that he had owned the laptop for three or four months, but when Link told defendant that he was a detective investigating whether the laptop had been stolen, defendant stated that "I just bought the computer from a guy a couple nights ago." Defendant told Kennell that he had paid $450 for the laptop, that he had bought it from a man he had met in a bar while playing video poker, and that the seller's name may

_____

[1] Jones and Shields are different persons.

have been "Mike." Kennell asked defendant if he had suspected that the laptop was stolen; defendant acknowledged that he had, but stated that he had bought the laptop intending to resell it and get his money back.

At trial, the victim, Quinn Morgan Shields, did not testify. Instead, the court admitted, through Officer Mawdsley, Shields' report that his laptop had been stolen during a "car prowl." The state gave no explanation for why Shields was not available to testify. Defendant objected to Mawdsley's testimony as hearsay, and he argued that its admission would violate his right to confront the witnesses against him under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. The trial court overruled that objection and admitted Shields' report. Through Link's testimony, the state introduced a police dispatcher's statement that Shields had made a theft report that included a laptop serial number. Defendant objected to that testimony on the same grounds, and the trial court again overruled the objection and admitted the statement. Link also testified that, while he was with defendant in the parking lot, he had spoken with Shields about the laptop. Defendant also objected to that testimony as hearsay, because it indirectly referred to the substance of Shields' out-of-court statements. The trial court overruled that objection as well, and admitted Link's statement. The state offered no other evidence to establish that the laptop had, in fact, been stolen. Defendant moved for a judgment of acquittal on that basis. The trial court denied the motion, explaining that,

> "[a]s to Count 1, I'm convinced beyond a reasonable doubt that [defendant] knew the property was stolen. And what convinces me of that is that no one in their right mind would shell out $400 in cash to a stranger in a bar for a lap top computer, not knowing if he's going to get it home and it's going to be broke * * * and he's never able to find this person again, doesn't even know his last name. I don't buy that. Nobody that I know would buy—would give a stranger four or $500 for a lap top computer.

> "* * * * *

> "It just—having—it's also strange to me, the story that 'I have $400 in my pocket, and I'm playing video poker, and

the guy next to me has a lap top, and I'm going to give him $400 in cash that I have,' I just can't buy this story. I think the odds of that happening are a million to one. This evidence convinces me that [defendant] knew this lap top was stolen, and he obtained it knowing that, and tried to sell it.

"* * * * *

"So, there's no question in my mind that [defendant] knew this was stolen. I'm convinced beyond a reasonable doubt he knew it was stolen, and he tried to sell it knowing it was stolen."

The trial court entered a judgment convicting defendant of one count of theft by receiving. This appeal followed.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). Hearsay is inadmissible unless it satisfies an exception provided for by the rules of evidence. OEC 802. Shields' assertions, as testified to by Mawdsley and Link, were introduced to prove the truth of the matters asserted, that is, that Shields had reported his laptop stolen and that the laptop recovered from defendant was, in fact, that laptop. As noted, the state concedes that the trial court erred in admitting, through the testimony of Mawdsley and Link, Shields' assertions because that testimony was hearsay. The state's concession is well founded, and we accept it.

The state nonetheless argues that that error was harmless, because other evidence in the record, in particular the evidence that the trial court relied on in its oral findings set out above, would have allowed a reasonable factfinder to infer that the laptop had been stolen. Defendant replies that the only evidence supporting such an inference—Shields' statements—was inadmissible and, thus, the error was not harmless. We agree with defendant.

Evidentiary error is not presumed to be prejudicial, OEC 103(1), and we will affirm a judgment despite an evidentiary error if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In making that determination, we consider the "possible influence of the error on the verdict rendered,

not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *Id.* With respect to defendant's Sixth Amendment challenge to the admission of the hearsay evidence, that constitutional error was harmless only if this court can conclude, beyond a reasonable doubt, that the error did not contribute to the factfinder's decision. *State v. Montez*, 324 Or 343, 356, 927 P2d 64 (1996), *cert den*, 520 US 1233 (1997) (citing *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967)).

Defendant was convicted of theft by receiving under ORS 164.095(1). That statute provides

"A person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft."

As we explained in *State v. Niehuser*, 21 Or App 33, 37, 533 P2d 834 (1975), "in a theft prosecution based upon a theory of illegally obtaining or receiving the property of another the state must prove that the property was, in fact, stolen." The trial court's focus in its oral findings was on defendant's mental state, that is, the court found defendant's explanation of how he acquired the laptop to be implausible. Accordingly, the court found that defendant had "good reason to know" that the laptop was stolen when he arranged to sell it to Kennell. However, that is only one component of the act of theft by receiving: it remained incumbent on the state to prove that the laptop had, in fact, been the subject of theft. The only evidence concerning that element was Shields' statements, which, as the state properly concedes, were erroneously admitted. Although probative of defendant's belief that the laptop was stolen, the evidence of the circumstances of defendant's acquisition of the laptop did not establish that it was, in fact, stolen. Thus, we cannot say that there is "little likelihood" that the erroneous admission of Shields' statements affected the verdict or that their admission was harmless beyond a reasonable doubt.

Reversed.